JAMES MEADOWS and AGNES MEADOWS, Respondents, *v.* JOHN S. MICHEL, Appellant.

*Vendor and purchaser — contract to sell land — unmarketable title.*

Appeal by the defendant from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 23d day of May, 1910.

Judgment affirmed, with costs, on the authority of *Meadows* v. *Michel* (135 App. Div. 213) and on the opinion of Bischoff, J., in the court below.

The following is the opinion of Bischoff, J.:

BISCHOFF, J.: The plaintiffs were entitled to a conveyance of property the southerly boundary of which was to be upon a line at right angles to Eagle avenue, commencing two hundred and thirty-five feet from the intersection of the line of Eagle avenue with the "northeasterly side of land occupied by the Morrisania Branch Railroad," but according to the weight of the evidence before me I must hold that the line of the railroad property has been so located as to disclose a difference of two feet between the actual southern boundary of the lots in possession and the record boundary, to conform to the contract of sale, with a greater discrepancy as to the northern boundary. The deed from Anna Olsson to the defendant, produced as a means of curing this defect in the title, certainly fails to accomplish that result. While the lot in controversy was the center lot of three at one time owned by Andrew Olsson, who devised the remaining two lots — surrounding the property in question — to Anna Olsson, it appears that the latter has conveyed to one Kitschoff the northerly of the remaining lots, and that this grantee's ownership of record of a twenty-five foot lot conflicts with the northerly boundary of the defend-

ant's lot, upon the theory that the conveyance from Mrs. Olsson is effective to correct the record title as to the southern boundary. Without a release from the owner of the northern lot, there remains outstanding, therefore, a possible claim of encroachment having reasonable ground of merit, the burden of defending against which claim should not be imposed upon the plaintiffs as the defendant's grantees. There should be judgment for the plaintiffs for the return of the earnest money paid, and for $109.12, the expense of examination of the title, with costs. I have indicated upon the proposed findings submitted my disposal of the request to find. Proposed decision and judgment may be presented on notice of settlement.

———

Eppinger & Russell Company, Respondent, v. United States Wood Preserving Company, Appellant.— Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below. No opinion.

James P. McGovern, Appellant, v. Morgan P. Leihy and George W. Leihy, Respondents.— Judgments affirmed, with costs. No opinion.