OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Though defendant seller’s anticipatory breach of contract relieved plaintiff purchaser of its obligation to tender performance, this did not discharge plaintiff’s obligation to show that it was ready and able to perform its own contractual undertakings on the closing date, in order to secure specific performance. (Stawski v Epstein, 67 AD2d 681; Friederang v Aldo Co., 199 App Div 127.) Plaintiff insists that, while it lacked its own funds to purchase the property on the scheduled closing date, it was nonetheless able to perform because it had obtained a commitment from another person. However, as the Appellate Division found, this person was not asked for financing until nearly a year after the anticipated closing, and plaintiff failed to produce any other evidence of its capacity to perform. Specific performance was therefore inappropriate.
Since there has already been a trial upon stipulated facts and extensive deposition testimony, and no trial errors are alleged, there is no occasion for a further hearing on the issue of plaintiff’s ability to perform, as plaintiff requests.
*999 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.