■ Louis Manzi, Appellant, v Jeannette Rossi et al., Respondents.—In an action for specific performance of a contract for the sale of real property and damages for the breach thereof, plaintiff appeals from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated June 27, 1984, which, after a nonjury trial, denied him any relief.

Judgment affirmed, with costs.

The plaintiff's inability and failure to perform his own contractual undertakings at the time of closing preclude a

grant of specific performance in his favor *(see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997, 998). The claim for damages grounded upon the theory of economic duress must also be denied because it was plaintiff's failure to provide the full down payment that prompted defendants' insistence on more stringent mortgage terms *(see, Grad v Roberts,* 14 NY2d 70, 75; *805 Third Ave. Co. v M. W. Realty Assoc.,* 58 NY2d 447). Further, plaintiff was not entitled to a refund of the additional rents paid to defendants towards the down payment of the purchase price because the contract specifically provided that in the event that the plaintiff failed to timely exercise his option to purchase the premises, all additional rents would become the property of the landlord defendant. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.