■ MADISON INVESTMENTS, INC., Appellant, v COHOES ASSO-CIATES et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Harris, J.), entered October 17, 1990 in Albany County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

In November 1986, plaintiff and defendants entered into a contract in which plaintiff agreed to purchase certain commercial real property, known as the Cohoes Industrial Terminal, located in the City of Cohoes, Albany County. Paragraph 25 of that contract set forth specific limitations on defendants' right to lease space in the subject property pending the agreed-upon closing date of July 6, 1987. After the parties failed to close on that date, defendants' counsel notified plaintiff in a letter dated July 9, 1987 that the closing had been rescheduled for July 31, 1987 and that time was of the essence. Plaintiff's counsel immediately responded by requesting information regarding, *inter alia,* the status of the leases on the property. In a letter dated July 16, 1987, defendants' counsel briefly addressed plaintiff's various concerns, indicated that all information on the leases had been provided to plaintiff's representative and stated that, if plaintiff was ready to close, defendants were also ready to close upon reasonable notice.

The parties again failed to close on July 31, 1987. By letter dated September 4, 1987, plaintiff's counsel advised defendants that it considered several of their leases to have been entered into in violation of paragraph 25 of the contract. Defendants then advised plaintiff that they considered it to be in default, although they subsequently made various unsuccessful offers to plaintiff to close.

Thereafter, plaintiff commenced this action seeking specific performance and damages representing lost profits. Following the service of their answer, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal ensued.

In our view, Supreme Court properly granted summary judgment in defendants' favor. A plaintiff seeking to maintain an action for specific performance or for damages for nonperformance of a contract must demonstrate that a tender of his or her own performance was made *(see, Higgins v Eagleton,* 155 NY 466, 473; *Rathe v Adirondack Concepts,* 131 AD2d 81, 85; 55 NY Jur, Specific Performance, § 27, at 490), unless tender was waived or the necessity for such a tender was obviated by acts of the other party amounting to an anticipatory breach of the contract or establishing that such party

would be unable to perform *(see, Higgins v Eagleton, supra,* at 473-474; *Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997; *Rhodes v Astro-Pac, Inc.,* 51 AD2d 656, 657, *affd* 41 NY2d 919; *see also,* 55 NY Jur, Specific Performance, § 29, at 495-496).

Here, plaintiff does not dispute that it made no tender of performance but contends essentially that defendants breached the contract by entering into leases in violation of paragraph 25, thus excusing its duty to tender performance. However, even under the dubious assumption that defendants entered into certain leases in contravention of the parties' contract to the extent that defendants were thereby rendered unable to perform, thus relieving plaintiff of its obligation to tender performance, plaintiff was nevertheless required to show that it was ready, willing and able to perform under the contract at some point prior to the commencement of this action *(see, 3M Holding Corp. v Wagner,* 166 AD2d 580, 581-582; *Zev v Merman,* 134 AD2d 555, 557, *affd* 73 NY2d 781; *Huntington Min. Holdings v Cottontail Plaza, supra).* Plaintiff made no such showing in opposition to defendants' motion. In the absence of any proof in evidentiary form by plaintiff establishing that it had the financial capacity, at any point, to purchase the property, the bare, unsupported assertion in the affidavit of plaintiff's president that a closely related corporation would supply the funds necessary to purchase the property, and the conclusory allegations in its opposing papers that it was ready, willing and able to perform, were insufficient to satisfy its burden *(see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997, 998; *Jewell v Rowe,* 119 AD2d 634, 635; *cf., Stawski v Epstein,* 67 AD2d 681, 682).

Plaintiff's other contentions have been examined and found to be without merit. Accordingly, Supreme Court's order granting defendants summary judgment should be affirmed.

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.