■ JEFFREY A. BERRY, on Behalf of Himself and All Other Shareholders of COMPREHENSIVE ANALYTICAL GROUP, INC., Similarly Situated, Respondent, v ROBERT J. BOULWARE et al., Individually and as Directors of COMPREHENSIVE ANALYTICAL GROUP, INC., et al., Appellants. (Appeal No. 2.)—Judgment unanimously reversed on the law with costs and motion denied. Memorandum: It is settled law that a party who has failed or refused to perform his contractual obligations is not entitled to specific performance of that contract (see, Grace v Nappa, 46 NY2d 560, 567, rearg denied 47 NY2d 952; Panner Woodworking Co. v Adair, 75 AD2d 553, 554; see generally, 96 NY Jur 2d, Specific Performance, §§ 23, 24). It is uncontroverted that plaintiff defaulted on his obligation to purchase defendants' shares of stock and that he also failed to perform the directives of a prior court order concerning the purchase or sale of stock in defendant corporation. Under the circumstances, plaintiff was not entitled to specific performance of the settlement agreement. (Appeal from Judgment of Supreme Court, Onondaga County, Reagan, J.—Enforce Settlement Agreement.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.

■ FRANCIS E. KENNY, on Behalf of All the Partners of NIXON, HARGRAVE, DEVANS & DOYLE, Respondent, v ELI VIGLIANO, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988; Chase Manhattan Bank v Roberts & Roberts, 63 AD2d 566, 567). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Vacate Default Judgment.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.