■ GOLLER PLACE CORP. et al., Appellants, v DIANE CACASE, Respondent. [672 NYS2d 923] —In an action for the specific performance of a contract for the sale of real property, the plaintiffs appeal (1) from an order of the Supreme Court, Richmond County (Amann, J.), dated July 11, 1991, which granted the defendant's motion for partial summary judgment dismissing the complaint insofar as asserted by the plaintiff Goller Place Corp., and (2), as limited by their brief, from so much of an order and judgment (one paper) of the same court (Radin, J.H.O.), dated February 3, 1997, as granted the defendant's motion and dismissed the complaint insofar as asserted by the plaintiff Salvatore Lentine for failure to establish a prima facie case.

Ordered that the appeal from the order dated July 11, 1991, is dismissed as untimely taken (*see,* CPLR 5513); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Before specific performance of a contract for the sale of real

property may be granted, a plaintiff must demonstrate that he was ready, willing, and able to perform on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter (*see, Provost v Off Campus Apts. Co., II,* 211 AD2d 850). Here, the plaintiff Salvatore Lentine submitted no documentation or other proof to substantiate his assertion that he had the funds necessary to purchase the property and thus, he is unable to prove that he was ready, willing, and able to close the sale as a matter of law (*see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997, 998). Therefore, the Supreme Court properly granted the defendant's motion to dismiss the complaint insofar as asserted by Lentine for failure to establish a prima facie case. O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.