DGA Corporation, Respondent, v Christine Porter, Appellant. [747 NYS2d 390]

On September 18, 2000, the parties entered into a contract for the sale of real property, which fixed a closing date of October 17, 2000. The contract provided, inter alia, that the plaintiff could elect to take title subject to any defects or objections to title. The original closing date was adjourned to November 15, 2000, after the defendant declared that time was of the essence, without objection from the plaintiff. The November closing was subsequently adjourned to January 11, 2001, on consent of the parties.

The plaintiff did not appear at the closing on January 11, 2001, or request that it be adjourned. On or about January 19, 2001, the defendant returned the plaintiff's down payment and advised the plaintiff that she was canceling the contract. The plaintiff returned the down payment to the defendant and informed the defendant that it was still willing to purchase the

property, notwithstanding that it was allegedly subject to an in rem proceeding and tax liens. Thereafter, the plaintiff commenced this action for specific performance and moved for summary judgment. The Supreme Court granted the motion.

It is well settled that the proponent of a summary judgment motion must present evidence in admissible form which eliminates any triable issues of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiff's failure to appear at the scheduled closing on January 11, 2001, and its subsequent assertion of alleged title defects raised an issue of fact, which precluded its entitlement to summary judgment (*see generally Zuckerman v City of New York, supra*; *Goller Place Corp. v Cacase,* 251 AD2d 287). Accordingly, the Supreme Court erred in granting the plaintiff's motion for summary judgment.

In light of our determination, we need not reach the defendant's remaining contention. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.