■ ZINDEL ZELMANOVITCH, Appellant, v ZENAIDA RAMOS et al., Respondents. [750 NYS2d 310] —In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from a judgment of the Supreme Court, Kings County (Kramer, J.), entered June 25, 2001, which is in his favor and against the defendants only to the extent of directing the return of the down payment.

Ordered that the judgment is affirmed, with costs.

On November 2, 1993, the parties entered into a contract for the purchase of real property in Brooklyn. Closing was scheduled for July 1, 1994, but the parties extended the closing date. The defendants sellers thereafter unilaterally set a time-of-the-essence closing for November 29, 1995, and informed the plaintiff buyer of that date. The plaintiff failed to attend the scheduled closing. Claiming that the defendants were not prepared to close due to the property's title problems, the plaintiff commenced this action for specific performance. After a non-jury trial, the Supreme Court denied specific performance, but directed the return of the down payment.

The defendants explicitly set the closing for 2:00 P.M. on November 29, 1995, and advised the plaintiff that if he failed to close, he would be considered in default. This constituted clear, distinct, and unequivocal notice that time was of the es-

sence (*see Savitsky v Sukenik,* 240 AD2d 557, 558; *Mohen v Mooney,* 162 AD2d 664, 665; *Tom Jones Realty Corp. v Frick,* 144 AD2d 451; *Zev v Merman,* 134 AD2d 555, 557-558, *affd* 73 NY2d 781; *Shannon v Simon,* 128 AD2d 859, 860). However, the plaintiff failed to attend the closing, despite claiming that he was ready, willing, and able to perform the contract on the law day. Therefore, he was not entitled to seek specific performance, regardless of whether the defendants were unable to convey the property in accordance with contract specifications (*see Goller Place Corp. v Cacase,* 251 AD2d 287; *Berry v Boulware,* 182 AD2d 1134; *Manzi v Rossi,* 113 AD2d 875). Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.