■ CONEY ISLAND EXHAUST, INC., et al., Plaintiffs, v MOBIL OIL CORP. et al., Defendants, ADRIANA REALTY CORP., Defendant and Third-Party Plaintiff-Respondent, and REACTION CORP., Appellant. ROYAL PETROLEUM, INC., et al., Third-Party Defendants-Appellants. [758 NYS2d 389] —In a consolidated action, inter alia, to recover damages under the Navigation Law, and a related third-party action in which counterclaims were asserted, inter alia, to recover damages for anticipatory breach of a commercial lease, the defendant third-party defendant Reaction Corp. appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Jackson, J.), dated January 10, 2002, as denied the motion made by it and the defendants Royal Petroleum, Inc., and Charanjit Singh to restore the remaining counterclaim of Reaction Corp. in the third-party action to the trial calendar, granted the cross motion of the defendant third-party plaintiff

Adriana Realty Corp. for summary judgment dismissing the remaining counterclaim, and dismissed the remaining counterclaim, and the defendants Royal Petroleum, Inc., and Charanjit Singh appeal from the same order and judgment.

Ordered that the appeal by Charanjit Singh and Royal Petroleum, Inc., is dismissed, for failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order and judgment is affirmed insofar as reviewed, with costs.

On March 23, 1994, the defendant third-party defendant Reaction Corp. entered into a lease with the third-party plaintiff Adriana Realty Corp. (hereinafter Adriana) to use a certain portion of the premises located at 1702 Neptune Avenue as a gas station. The premises were partly occupied by another tenant, Coney Island Exhaust, Inc. (hereinafter Coney Island). During the course of constructing the gas station, Coney Island commenced this action against Adriana for, inter alia, injunctive relief enjoining the excavation and construction of the gas station.

On January 25, 1995, Adriana and Coney Island entered into a stipulation of settlement, which obligated Adriana to install a concrete barrier or tire stop across the premises. The stipulation was subject to approval by, inter alia, the company which was to supply the gasoline for the gas station. Reaction Corp. considered this stipulation to be a unilateral modification of its lease since the barrier would interfere with the use of its gas pumps, and terminated the lease. Adriana subsequently commenced a third-party action against, among others, Reaction Corp. In its third-party answer, Reaction Corp. asserted counterclaims, alleging, inter alia, that the stipulation executed between Adriana and Coney Island amounted to an anticipatory beach of its lease.

Contrary to the contention of Reaction Corp., the stipulation did not constitute an anticipatory breach of the lease agreement (see Muttontown Realty Corp. v Schwartz, 197 AD2d 680 [1993]). By its very terms, the stipulation depended upon the consent of, inter alia, the proposed oil supplier before it became operative. Thus, the stipulation was not an unequivocal, definite and final repudiation of the lease agreement (see Rachmani Corp. v 9 E. 96th St. Apt. Corp., 211 AD2d 262, 266-267 [1995]; cf. D'Abreau v Smith, 240 AD2d 616 [1997]).

The remaining contentions of Reaction Corp. either are unpreserved for appellate review or are without merit. Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.