PETER MOUTAFIS, Also Known as PETE MOUTAFIS, Appellant, v WILLIAM OSBORNE, Respondent. [777 NYS2d 194]—

In an action for specific performance of a real estate contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered July 10, 2003, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 27, 2001, the plaintiff entered into a contract to buy real property from the defendant. The contract required, inter alia, that the plaintiff obtain a mortgage commitment from a financial institution in the sum of $400,000. On March 8, 2002, after the original closing date set forth in the contract had passed, and after a number of adjournments, the defendant sent a letter to the plaintiff which declared a time-of-the-essence closing on April 15, 2003. The letter, which was hand-delivered, advised the plaintiff that if he failed to close on that date, the contract would be deemed "breached and terminated" in accordance therewith. The plaintiff does not dispute receipt of the letter nor does he contend that notice thereunder was defective. Nevertheless, neither the plaintiff nor his attorney appeared at the closing on the law date. Furthermore, the plaintiff does not dispute that he failed to secure a mortgage commitment by April 15, 2003. Thereafter the defendant declared the contract terminated and the plaintiff commenced this action for specific

performance. The Supreme Court, inter alia, granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

It is well settled that a purchaser who seeks specific performance of a real estate contract must demonstrate that he or she was ready, willing, and able to perform the contract (*see Johnson v Phelan,* 281 AD2d 394 [2001]; *Ehrenpreis v Klein,* 260 AD2d 532 [1999]). The defendant demonstrated his prima facie entitlement to judgment as a matter of law by showing that the plaintiff was unable or unwilling to close on the law day in accordance with the terms of the contract (*see 3M Holding Corp. v Wagner,* 166 AD2d 580 [1990]; *Mohen v Mooney* 162 AD2d 664 [1990]; *Ting v Dean,* 156 AD2d 358 [1989]). In opposition, the plaintiff alleged that the defendant verbally postponed the closing, and that the plaintiff could have closed on the law day without bank financing. However, these assertions did not raise a material issue of fact sufficient to defeat the motion for summary judgment, especially in light of the fact that the merger clause of the parties' contract prohibited any oral modification thereof (*see Opton Handler Gottlieb Feiler Landau & Hirsch v Patel,* 203 AD2d 72 [1994]; *see also Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contention is without merit. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.