■ ABE TSABARI, Respondent, v LOUISE HAYE, Appellant. [786 NYS2d 102]——

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Price, J.), dated October 24, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance is denied.

A purchaser who seeks specific performance of a real estate contract must demonstrate that he or she was ready, willing, and able to perform the contract (*see Internet Homes, Inc. v Vitulli*, 8 AD3d 438 [2004]; *Moutafis v Osborne*, 7 AD3d 686 [2004]; *City Ownership v Giambrone*, 5 AD3d 529 [2004]; *Ferrone v Tupper*, 304 AD2d 524 [2003]). Here, the plaintiff failed to adequately substantiate his assertion that he had the financial capacity to purchase the property on the scheduled closing date (*see Internet Homes, Inc. v Vitulli, supra; Ferrone v Tupper, supra; Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021 [1991]; *Contro v White*, 176 AD2d 1052 [1991]). Moreover, the plaintiff did not demonstrate that he tendered his performance, or that tender was excused under the circumstances of this case (*see City Ownership v Giambrone, supra; 28 Props. v Akleh Realty Corp.*, 309 AD2d 632 [2003]; *see also Madison Invs. v Cohoes Assoc., supra*). Accordingly, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law,

and that branch of his motion which was for summary judgment on the cause of action for specific performance should have been denied. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.