■ MADISON EQUITIES, LLC, Respondent, v MZ MANAGEMENT CORP. et al., Appellants, et al., Defendant. [794 NYS2d 404]—

In an action, inter alia, for specific performance of a contract between the plaintiff and the defendant MZ Management Corp. for the sale of certain real property and for a judgment declaring, among other things, that the contract is in full force and effect, the defendants MZ Management Corp. and Esseks Hefter & Angel appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated December 22, 2003, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the contract between the plaintiff and the defendant MZ Management Corp. for the sale of certain real property is not in full force and effect and severing the action against the remaining defendants.

"A purchaser who seeks specific performance of a real estate contract must demonstrate that he or she was ready, willing, and able to perform the contract" (*Tsabari v Haye*, 13 AD3d 360 [2004]; *see Internet Homes, Inc. v Vitulli*, 8 AD3d 438 [2004]; *Moutafis v Osborne*, 7 AD3d 686 [2004]; *City Ownership v Giambrone*, 5 AD3d 529 [2004]; *Ferrone v Tupper*, 304 AD2d 524 [2003]). In support of their motion for summary judgment, the appellants submitted, inter alia, an affidavit of an officer, director, and shareholder of the appellant MZ Management Corp. (hereinafter MZM), and documentary evidence sufficient to make out a prima facie showing of entitlement to summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff submitted no documentation or other proof to substantiate its assertion that it had the funds necessary to purchase the property. Thus, it failed to raise a triable issue of fact as to whether it was ready, willing, and able to close the sale (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Ferrone v Tupper, supra*; *Goller Place Corp. v Cacase*, 251 AD2d 287, 288 [1998]; *Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021 [1991]; *Zev v Merman*, 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]). Furthermore, assuming that the alleged anticipatory breach of the contract by MZM relieved the plaintiff of its obligation to appear on the time-of-the-essence closing date, "this did not discharge [the] plaintiff's obligation to show that it was ready and able to perform its own contractual undertakings on the closing date, in order to secure specific performance" (*Huntington Min. Hold-*

*ings v Cottontail Plaza, supra* at 998; *see also Zelmanovitch v Ramos,* 299 AD2d 353 [2002]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the contract between the plaintiff and MZM for the sale of certain real property is not in full force and effect (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]) and severing the action against the remaining defendants. Schmidt, J.P., Santucci, Spolzino and Skelos, JJ., concur.