█ REALTY EQUITIES, INC., Appellant, v WALBAUM, INC., Also Known as WALDBAUM, INC., et al., Respondents, et al., Defendant. [795 NYS2d 312]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 4, 2004, as, upon reargument, adhered to the prior determination in an order of the same court, (Barone, J.), entered June 24, 2003, granting the motion of the defendants Walbaum, Inc., also known as Waldbaum, Inc., and Brook-Vale Equities, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court, upon reargument, properly adhered to so much of the prior order entered June 24, 2003, as granted that branch of the respondents' motion which was for summary judgment dismissing the complaint insofar as asserted against them. A purchaser seeking specific performance of a real estate contract must demonstrate that he or she was ready, willing, and able to perform the contract (*see Tsabari v Haye*, 13 AD3d 360 [2004]; *Internet Homes, Inc. v Vitulli*, 8 AD3d 438, 439 [2004]; *Moutafis v Osborne*, 7 AD3d 686, 687 [2004]; *City Ownership v Giambrone*, 5 AD3d 529 [2004]; *Johnson v Phelan*, 281 AD2d 394, 395 [2001]). The respondents demonstrated their prima facie entitlement to judgment as a matter of law by showing that the plaintiff was unable or unwilling to close on April 10, 2003, the law day established in accordance with the terms of their contract, as modified by their subsequent written agree-

ment (*see Moutafis v Osborne, supra* at 687; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.