■ PARAM SINGH, Respondent, v VISHNUDAT GOPAUL, Appellant, et al., Defendant. [809 NYS2d 549]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Vishnudat Gopaul appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated August 5, 2005, as granted the plaintiff's motion for summary judgment on the cause of action for specific performance and, in effect, dismissed his counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the cause of action for specific performance is denied, and the counterclaims are reinstated.

"A purchaser who seeks specific performance of a real estate contract must demonstrate that he or she was ready, willing and able to perform the contract" (*Tsabari v Haye*, 13 AD3d 360, 360 [2004]; *see Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640; *Internet Homes, Inc. v Vitulli*, 8 AD3d 438 [2004]). Here, even assuming that the defendant improperly cancelled the contract, the plaintiff failed to substantiate his assertion that he had the financial capacity to purchase the premises and therefore failed to establish a prima facie entitlement to summary judgment on the cause of action for specific performance (*see Tsabari v Haye, supra* at 360; *Internet Homes, Inc. v Vitulli, supra* at 439; *Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1022 [1991]).

Moreover, absent the plaintiff establishing some basis for the equitable remedy of reformation, it was an improvident exercise of discretion for the Supreme Court to, in effect, reform the contract without both parties' consent and compel the defendant to convey the premises to both the plaintiff and his wife (*see Cohen-Davidson v Davidson*, 291 AD2d 474, 475 [2002]; *Cappello v Cappello*, 286 AD2d 360 [2001]). Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.