ANTONI NOWAK et al., Appellants, v SEBASTIAN RAMETTA et al., Respondents. [843 NYS2d 150]—

In an action for specific performance of a contract for the sale of real property or, in the alternative, for the return of the down payment in the sum of $300,000, the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (Gigante, J.), dated September 22, 2006, which denied their motion, denominated as one to vacate a judgment of the same court dated June 28, 2006, in favor of the defendants and against them in the principal sum of $99,012 for use and occupancy of the subject premises, but which was, in actuality, a motion for leave to renew and reargue their opposition to the defendants' prior motion for leave to enter a judgment against them for use and occupancy, and (2) an order of the same court dated November 2, 2006, which granted the defendants' motion for summary judgment dismissing the complaint and canceled a notice of pendency.

Ordered that the appeal from so much of the order dated September 22, 2006, as denied that branch of the plaintiffs' motion which was for leave to reargue the defendants' motion for leave to enter a judgment for use and occupancy is dismissed, without costs or disbursements, on the ground that no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 22, 2006 is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated November 2, 2006 is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the second cause of action for return of the plaintiffs' down payment in the sum of $300,000, and substituting therefor a provision denying that branch of the motion, and, upon searching the record, awarding summary judgment in favor of the plaintiffs on the second cause of action; as so modified, the order dated November 2, 2006 is affirmed, without costs or disbursements.

The plaintiffs' motion, denominated as one to vacate a judgment dated June 28, 2006, was, in actuality, a motion for leave to renew and reargue their opposition to the defendants' motion for leave to enter a judgment for use and occupancy, which was determined in an order dated March 24, 2006. The affidavit of the plaintiff Alisa Fialovskaya submitted on the motion for leave to renew and reargue constituted evidence that could have been submitted in opposition to the defendants' original motion for leave to enter a judgment for use and occupancy (see CPLR 2221 [e] [3]). Accordingly, leave to renew was properly denied

(*see State Farm Mut. Auto Ins. Co. v Hertz Corp.*, 43 AD3d 907 [2007]). That portion of the order which denied reargument is not appealable (*see RCN Constr. Corp. v Fleet Bank, N.A.*, 34 AD3d 776, 778 [2006]). The plaintiffs withdrew their appeal from the order dated March 24, 2006, granting the defendants leave to enter a judgment for use and occupancy, and never filed a notice of appeal from the judgment dated June 28, 2006. Accordingly, the propriety of that judgment is not before this Court.

With respect to the order dated November 2, 2006, granting the defendants' motion for summary judgment dismissing the complaint, the issues are whether the plaintiffs are entitled to specific performance of a contract to sell real property, or, in the alternative, whether they are entitled to the return of their down payment. The contract, which was executed in September 2003, stated that a survey of the property was to be forwarded to the plaintiffs under separate cover. Thereafter, the parties agreed to close on July 19, 2004, "time being of the essence."

On July 14, 2004 the defendants forwarded to the plaintiffs the survey, which indicated that portions of the property were between two and three feet shorter than the description of the property included in the contract of sale, which was more than the 12-inch discrepancy permitted by the terms of the contract of sale. The contract provided that the plaintiffs were required to notify the defendants of any objections to title in writing not less than seven days before the closing. However, since the defendants provided the plaintiffs the information forming the basis for the plaintiffs' objections to title only five days before the time of the essence date, the plaintiffs did not and could not comply with this provision.

Fialovskaya, as assignee of the contract of sale, acknowledged at her deposition that she did not have the funds to purchase the property on the "time of the essence" law day of July 19, 2004. Since she was not ready, willing, and able to perform the contract on the law day, the cause of action for specific performance was properly dismissed (*see Realty Equities, Inc. v Walbaum, Inc.*, 18 AD3d 531 [2005]; *Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640 [2005]; *Moutafis v Osborne*, 7 AD3d 686, 687 [2004]; *L.I.C. Commercial Corp. v Zirinsky*, 142 AD2d 713, 715 [1988]).

The defendants contended that they were ready to close on July 19, 2004, on two hours notice, and at 3:30 P.M. (less than two hours before the close of the business day), their attorney spoke to the plaintiffs' attorney, who confirmed that the plaintiffs were not ready to close on that day. However, since

the defendants were unable to convey marketable title to the plaintiffs in accordance with the contract provisions on the final day set by the defendants for the closing, the plaintiffs were entitled to the return of their down payment (*see Calverton Assoc. v Kempermann*, 262 AD2d 262 [1999]; *Gargano v Rubin*, 200 AD2d 554, 555-556 [1994]; *Meadows v Michel*, 144 App Div 927 [1911]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.