◼ VINCENT J. O'CONNELL, Appellant, v BOGUSLAW SOSZYNSKI et al., Respondents. [847 NYS2d 605]—

In an action, inter alia, for specific performance of a real estate contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated August 10, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In February 2005 the plaintiff and the defendants entered into a contract of sale wherein the plaintiff agreed to purchase certain real property owned by the defendants. The contract,

which provided a closing date of April 30, 2005, contained a mortgage contingency clause, permitting the defendants, after "giving Notice," to cancel the contract, if no written "commitment from an Institutional Lender" was received "within 10 business days after the Commitment Date." By letter dated April 25, 2005, the defendants' attorney granted the plaintiff's request for a two-week extension to obtain a mortgage commitment, and noted that the defendants "would like to have the closing as soon as possible, preferably May 9th, 2005."

Nevertheless, the plaintiff was unable to obtain a mortgage commitment within the extended period of time. As a result, on June 28, 2005, the defendants canceled the contract in order to proceed with a different offer, citing the plaintiff's "excessive time" in obtaining a mortgage commitment, and returned his downpayment in accordance with the contractual terms. More than 10 days thereafter, on July 13, 2005, the plaintiff served the defendants with a copy of a mortgage commitment, and rejected the defendants' notice cancelling the contract of sale.

Upon the rejection of his mortgage commitment, the plaintiff commenced the instant action, inter alia, for specific performance of the contract. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

"[A] purchaser who seeks specific performance of a real estate contract must demonstrate that he or she was ready, willing, and able to perform the contract" (*Moutafis v Osborne*, 7 AD3d 686, 687 [2004]; *see Realty Equities, Inc. v Walbaum, Inc.*, 18 AD3d 531, 531-532 [2005]; *Internet Homes, Inc. v Vitulli*, 8 AD3d 438, 439 [2004]; *Johnson v Phelan*, 281 AD2d 394 [2001]). Under the facts of this case, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the plaintiff failed to secure a mortgage commitment in accordance with the terms of the contract (*see Budd v Budd*, 280 AD2d 508 [2001]; *Contro v White*, 176 AD2d 1052, 1053 [1991]; *3M Holding Corp. v Wagner*, 166 AD2d 580, 581-582 [1990]; *Ting v Dean*, 156 AD2d 358, 359-360 [1989]).

In opposition, the plaintiff failed to demonstrate that he timely secured a mortgage commitment so as to raise a triable issue of fact as to his readiness and ability to perform (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640 [2005]; *Tsabari v Haye*, 13 AD3d 360 [2004]). Accordingly, the court properly dismissed the plaintiff's complaint, inter alia, for specific performance of the real estate contract. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.