MICHAEL EIVERS et al., Respondents, v DREAMWORKS CONSTRUCTION, INC., Appellant. [852 NYS2d 362]—

In an action, inter alia, to compel specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated October 2, 2006, which denied its motion for summary judgment dismissing the first cause of action seeking specific performance.

Ordered that the order is affirmed, with costs.

The defendant Dreamworks Construction, Inc. (hereinafter the seller) and the plaintiffs Michael Eivers and Shari Bardash-Eivers (hereinafter the buyers) entered into a contract for the sale of real property, on which a single-family modular home was to be built. The closing was delayed due to disagreements between the parties over contractual obligations, and the seller scheduled a "time of the essence" closing, which the buyers did not attend. The buyers then commenced this action, seeking, inter alia, specific performance of the contract. The seller moved for summary judgment dismissing the cause of action seeking specific performance. The Supreme Court denied the seller's motion, concluding that triable issues of fact existed as to whether it had abided by the terms of the contract. We affirm.

The seller made a prima facie showing of its entitlement to judgment as a matter of law by submitting proof that the buyers failed to appear at a time of the essence closing (see Moutafis v Osborne, 7 AD3d 686 [2004]). In response, the buyers demonstrated that they had the financial capacity to perform under the contract (see Madison Equities, LLC v MZ Mgt. Corp., 17 AD3d 639 [2005]; Johnson v Phelan, 281 AD2d 394 [2001]), and raised a triable issue of fact as to whether the seller anticipa-

torily breached the contract by refusing to construct the home in accordance with the contract specifications and demanding payment for an amount substantially above the contract price, thus excusing the tender of their performance (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997 [1983]; *Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d at 640; *Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021 [1991]; *Iannelli Bros. v Muscarella*, 30 AD2d 698 [1968], *affd on op below* 24 NY2d 779 [1969]). Accordingly, the Supreme Court properly denied the seller's motion for summary judgment dismissing the first cause of action seeking specific performance. Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.