*584 The parties entered into a commercial lease, pursuant to which the plaintiff, as tenant, agreed to rent space from the defendant and third-party plaintiff (hereinafter the defendant), as landlord, for a period of 15 years. Before the term of the lease was to begin, the plaintiff advised the defendant that it was experiencing financial difficulties and, in an email message dated August 28, 2009, offered the defendant certain “options” for modifying the terms of the lease. The defendant stopped the construction that it was performing at the premises pursuant to the lease, and ultimately terminated the lease. The plaintiff commenced this action seeking, inter alia, to recover its security under the lease and damages for the defendant’s breach of the lease, and the defendant counterclaimed, among other things, to recover damages arising from the plaintiffs alleged anticipatory repudiation of the lease. The defendant also commenced a third-party action against the plaintiffs corporate parent, seeking to recover under a guaranty. The plaintiff and the third-party defendant moved for summary judgment on the plaintiffs first cause of action, summary judgment on the issue of liability on the plaintiff’s second cause of action, and summary judgment dismissing the defendant’s counterclaims and the third-party complaint. The defendant cross-moved for summary judgment on its first counterclaim. The Supreme Court denied the motion and the cross motion, concluding that there were triable issues of fact as to whether the plaintiff had anticipatorily repudiated the lease.
The plaintiff and the third-party defendant failed to make a prima facie showing of their entitlement to summary judgment. As the Supreme Court correctly determined, the plaintiff failed to eliminate triable issues of fact as to whether it anticipatorily repudiated the lease. Under the doctrine of anticipatory repudiation, when a party repudiates contractual duties prior to the time designated for performance and before all of the consideration has been fulfilled, the repudiation entitles the nonrepudiating party to claim damages for total breach (see Norcon Power Partners v Niagara Mohawk Power Corp., 92 NY2d 458, 462-463 [1998]; Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d 455, 463 [1977]). The repudiation must be unequivocal, definite, and final (see Coney Is. Exhaust v Mobil Oil Corp., 304 AD2d 706, 707 [2003]; D’Abreau v Smith, 240 AD2d 616 [1997]). “Mere expression of difficulty in tendering the required performance, for example, is not tantamount to a renunciation of the contract” (Rachmani Corp. v 9 E. 96th St. Apt. Corp., 211 *585 AD2d 262, 267 [1995]). Here, the August 28, 2009, email message did not constitute an anticipatory repudiation because it was not an unequivocal, definite, and final expression of the plaintiff’s intention not to perform its obligations under the lease (see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 806-807 [2011]; Coney Is. Exhaust v Mobil Oil Corp., 304 AD2d at 707). However, triable issues of fact remain as to whether, in certain alleged oral conversations, the plaintiffs chief executive officer expressed an unequivocal intention not to perform under the lease (see Veeraswamy v Novak Juhase & Stern, LLP, 50 AD3d 1127, 1128 [2008]; Eivers v Dreamworks Constr., Inc., 48 AD3d 625, 625-626 [2008]). In light of the existence of triable issues of fact as to whether there was an anticipatory repudiation, the Supreme Court properly denied both the motion and the cross motion. Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.