# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**906**

**CA 14-00014**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

LIBERTY AFFORDABLE HOUSING, INC.,
PLAINTIFF-APPELLANT,

V                                        OPINION AND ORDER

MAPLE COURT APARTMENTS, DEFENDANT-RESPONDENT.

---

BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (GREGORY P. BAZAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SCOLARO FETTER GRIZANTI MCGOUGH & KING, P.C., SYRACUSE (CHAIM J. JAFFE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an amended order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered March 13, 2013. The amended order, among other things, granted that part of the motion of defendant seeking to dismiss plaintiff's first cause of action for specific performance.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Opinion by WHALEN, J.:

In *Rovello v Orofino Realty Co.* (40 NY2d 633, 636), the Court of Appeals held that summary dismissal is appropriate under CPLR 3211 (a) (7) when the defendant's evidentiary submissions "establish conclusively that plaintiff has no cause of action." We now consider whether that holding remains viable in light of the Court's recent decision in *Miglino v Bally Total Fitness of Greater N.Y., Inc.* (20 NY3d 342).

I

The underlying facts are straightforward. In October 2006, plaintiff contracted to purchase from defendant an affordable-housing complex in the City of Watertown. Plaintiff was unable to secure adequate funding by the initial closing date, and the parties agreed to extend the closing date to December 31, 2007. On December 3, 2007, plaintiff sent defendant an email explaining that it was "unable to generate enough funds . . . to pay the . . . sales price in full" and that, "[g]iven its nonprofit status, [it] has no . . . private source of funding to cover any gap." It is undisputed that the closing did not occur as scheduled on December 31, 2007.

Over one year later, in an April 2009 letter, defendant informed plaintiff that, "because the closing . . . did not take place, [defendant] considers the Purchase Agreement with [plaintiff] terminated, and the . . . deposit forfeited." The April 2009 letter also advised plaintiff that defendant may "market the property to other parties," but that it would consider a "new" purchase offer from plaintiff.

Approximately two years later, plaintiff finally secured adequate funding to purchase the housing complex. Plaintiff wrote defendant in September 2011 to inform it of this development; in that letter, plaintiff indicated that "we need a signed purchase and sale agreement." Plaintiff thereafter submitted a new offer for the complex in April 2012, but defendant rejected it in favor of a higher offer.

Plaintiff subsequently commenced the instant action for, insofar as relevant on appeal, specific performance of the October 2006 contract. In lieu of answering, defendant moved to dismiss for facial insufficiency under CPLR 3211 (a) (7). In support of the motion, defendant submitted several documents, including the original purchase agreement, the closing-date extender, plaintiff's December 3, 2007 email, defendant's April 2009 letter, plaintiff's September 2011 letter, and plaintiff's subsequent purchase offer. These documents, according to defendant, conclusively demonstrated that plaintiff had no cause of action for specific performance.

In opposition, plaintiff argued that the evidence submitted by defendant "clearly illustrates issues of fact regarding the causes of action pled by [plaintiff] and does not establish the absence of any valid cause of action by [plaintiff] or that no significant dispute exists based on the evidence." Like defendant, plaintiff also submitted evidentiary materials to bolster its position. Specifically, plaintiff offered a July 2012 letter from defendant and a series of emails between plaintiff and defendant. Although the letter proposed to settle the matter, it also reiterated that the original October 2006 contract had been cancelled. The emails, for their part, date only to mid-2011 and reflect the parties' efforts to work out a new deal after plaintiff finally obtained funding.

Supreme Court granted defendant's motion in part and dismissed the cause of action for specific performance, stating in a bench decision that "[i]t is clear that the parties acknowledge that the purchase offer they were acting under was invalid. The exhibit[s] . . . indicated one side withdraws and the other side is acknowledging, . . . we withdraw, we need a new contract." Plaintiff appeals, and we conclude that the amended order should be affirmed.

II

The issue for our determination is whether the court properly considered the documentary evidence that defendant claims is dispositive. Plaintiff concedes that, prior to the Court of Appeals' ruling in *Miglino*, the answer to that question was yes. Plaintiff

contends, however, that *Miglino* fundamentally changed the parameters of CPLR 3211 (a) (7) and effectively barred the consideration of any evidentiary submissions outside the four corners of the complaint. We reject that contention.

A

CPLR 3211 (a) (7) authorizes the summary dismissal of a complaint for failure to "state" a cause of action. Historically, "[a] motion to dismiss for failure to state a cause of action . . . was[] limited to the face of the complaint" (*Rovello*, 40 NY2d at 638 [Wachtler, J., dissenting]), but the Legislature enlarged the scope of facial sufficiency motions by enacting subdivision (c) of CPLR 3211, which permits "trial court[s to] use affidavits in its consideration of a pleading motion to dismiss" (*id*. at 635 [per curiam op]; *see Nonnon v City of New York*, 9 NY3d 825, 827). The Court in *Rovello* held that the plain text of CPLR 3211 (c) "leaves this question," i.e., the admissibility of affidavits on a motion pursuant to CPLR 3211 (a) (7), "free from doubt" (*id*. at 635). The First Department recently explained that *Rovello*'s reference to "affidavits" is merely shorthand for "evidentiary submissions" (*see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.*, 115 AD3d 128, 134 n 4).

As noted in *Rovello*, however, CPLR 3211 does not specify "what effect shall be given the contents of affidavits submitted on a motion to dismiss when the motion has not been converted to a motion for summary judgment" (*id*.). The Court noted that "[m]odern pleading rules are 'designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one' " and held that evidentiary submissions may only be considered for a "limited purpose" in assessing the facial sufficiency of a civil complaint (*id*. at 636). This "limited purpose," *Rovello* explained, is two-fold. On the one hand, "affidavits submitted by the defendant [as movant] will seldom if ever warrant the relief" sought under CPLR 3211 (a) (7) "*unless too* the affidavits establish *conclusively* that plaintiff has no cause of action" (*id*. [emphasis added]). On the other hand, the nonmoving party may "freely" submit evidentiary materials "to preserve inartfully pleaded, but potentially meritorious, claims" (*id*. at 635).

The "limited purpose" to be accorded evidentiary submissions on a motion to dismiss has been consistently reiterated by the Court of Appeals since *Rovello* (*see e.g. Godfrey v Spano*, 13 NY3d 358, 374; *Lawrence v Graubard Miller*, 11 NY3d 588, 595). Indeed, in *Guggenheimer v Ginzburg* (43 NY2d 268, 275), the Court of Appeals noted that "dismissal should . . . eventuate" only when the defendant's evidentiary affidavits "show[] that a material fact as claimed by the pleader to be one is not a fact at all and . . . that no significant dispute exists regarding it" (*see Wahl v Wahl*, 122 AD2d 564, 564-565).

Plainly, a "limited" role for evidentiary submissions on CPLR 3211 (a) (7) motions is to be distinguished from a nonexistent role. For example, as recently as 2012, the Court of Appeals summarily dismissed a complaint under, inter alia, CPLR 3211 (a) (7) because its

factual underpinnings were "belied" by the documentary evidence submitted in connection with the motion (*Simkin v Blank*, 19 NY3d 46, 54).

B

In *Miglino*, which was decided after Supreme Court's decision herein, the plaintiff's decedent suffered a heart attack while playing racquetball at the defendant health club.  The plaintiff alleged that, inter alia, the health club's employees had "negligently failed to use an available [automatic defibrillator device], or failed to use it within sufficient time, to save [the decedent's] life" (20 NY3d at 345).  The defendant moved to dismiss the complaint under CPLR 3211 (a) (7) and attached "affidavits . . . purporting to show that the minimal steps adequate to fulfill a health club's limited duty to a patron apparently suffering a coronary incident—i.e., calling 911, administering CPR and/or relying on medical professionals who are voluntarily furnishing emergency care—were, in fact, undertaken" (*id*. at 351).  Supreme Court denied the motion, and the Second Department agreed with Supreme Court, except to the extent that a part of the motion was unopposed by the plaintiff (92 AD3d 148).  The Court of Appeals affirmed, and in doing so addressed the facial sufficiency of the plaintiff's theory of common law liability (*id*. at 350-351).  In that context, the Court cited *Rovello* for the proposition that "CPLR 3211 (a) (7) . . . limits [courts] to an examination of the pleadings to determine whether they state a cause of action" (*id*. at 351).  Thus, the Court reasoned, "the case is not currently in a posture to be resolved as a matter of law on the basis of the parties' affidavits, and Miglino has at least pleaded a viable cause of action at common law" (*id*.).  It is this language, according to plaintiff, that precludes any consideration of evidentiary submissions on a CPLR 3211 (a) (7) motion.

The First Department addressed this issue in *Basis Yield*, holding, in effect, that *Miglino* had not altered the longstanding practice by which dismissal might be obtained under CPLR 3211 (a) (7) with sufficiently "conclusive" evidentiary submissions (*see id*. at 133-135; *see also Loreley Fin. [Jersey] No. 3 Ltd. v Citigroup Global Mkts. Inc.*, 119 AD3d 136, 139 n 2).

Although the Second Department has not considered the issue as directly as the First Department did in *Basis Yield*, that Court has also continued to evaluate, post-*Miglino*, whether a defendant's evidentiary submissions were sufficiently conclusive to warrant summary dismissal under CPLR 3211 (a) (7) (*see Rosin v Weinberg*, 107 AD3d 682, 683-684; *see also QK Healthcare, Inc. v InSource, Inc.*, 108 AD3d 56, 64-65; *Nunez v Mohamed*, 104 AD3d 921, 922).

C

The interpretation of *Miglino* is an issue of first impression in this Department, and we decline to give *Miglino* the expansive reading urged by plaintiff.  Instead, we agree with the *Basis Yield* majority

that *Miglino* did not, in effect, overrule *Rovello*.

Indeed, given its unqualified citation to *Rovello*, *Miglino* is properly understood as a straightforward application of *Rovello*'s longstanding framework. *Miglino* was "not currently in a posture to be resolved as a matter of law on the basis of the parties' affidavits" (20 NY3d at 351) because the evidentiary submissions were insufficiently conclusive, not because they were categorically inadmissible in the context of a CPLR 3211 (a) (7) motion. We therefore conclude that the court properly considered defendant's evidentiary submissions in evaluating the motion to dismiss at bar.

III

The remaining question is whether the evidentiary submissions in this case were sufficiently "conclusive" to sustain the court's summary dismissal of plaintiff's cause of action for specific performance. Plaintiff argues that they were not; in its view, the evidentiary submissions "might bring into question the facts as alleged by [plaintiff], but said submissions fail to conclusively demonstrate that the material facts as claimed in the complaint are not facts at all and that no dispute exists as to those material facts." Specifically, plaintiff says that the evidentiary submissions demonstrate that the parties "had a continued course of dealing leading up to the instant lawsuit," and, thus, "directly contradict[] the trial court's assertion that [plaintiff] acknowledged that the Agreement was invalid."

Defendant disagrees. In its view, plaintiff "specifically acknowledged that [it] could neither close the transaction by the date set forth in the Agreement nor by the date set forth in the Amendment." "Furthermore," defendant continues, plaintiff "repeatedly acknowledged and admitted that the Agreement and Amendment were invalid." We agree with defendant and conclude that the first cause of action was properly dismissed.

"The elements of a cause of action for specific performance of a contract are that the plaintiff substantially performed its contractual obligations and was willing and able to perform its remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law" (*EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 51, *lv dismissed* 3 NY3d 656, *lv denied* 3 NY3d 607). A plaintiff is not "able to perform its remaining obligations" if it cannot do so within the timeframes set forth in the contract. Thus, "[b]efore specific performance of a contract for the sale of real property may be granted, a plaintiff must demonstrate that he was ready, willing, and able to perform on the original law day or, if time is not of the essence, on a subsequent date fixed by the parties or within a reasonable time thereafter" (*Goller Place Corp. v Cacase*, 251 AD2d 287, 287-288).

Here, the documentary evidence attached to defendant's motion flatly contradicts plaintiff's allegation that it was ready, willing, and able to close by the December 31, 2007 closing date or within a

reasonable time thereafter.  In the December 3, 2007 email, plaintiff specifically informed defendant that it lacked sufficient funding to close on the scheduled date.  It is undisputed that the deal did not close on the appointed day, and, in its April 2009 letter, defendant terminated the contract "because the closing . . . did not take place."  Furthermore, the April 2009 termination letter – which plaintiff ignores in its opposing papers and in its appellate brief – advised plaintiff that defendant might "market the property to other parties," but that it would consider a "new" purchase offer from plaintiff.  We note that plaintiff acknowledged the original contract's cancellation by submitting a new purchase offer for the property in April 2012, and plaintiff explicitly admitted in September 2011 that "we need a signed purchase and sale agreement" in order to move forward with the new offer.

The foregoing documentary evidence, the authenticity of which is undisputed, conclusively establishes that plaintiff was unable to close the deal on the closing date, and that the contract was appropriately terminated as a result.  Contrary to plaintiff's contention, the emails submitted in opposition to defendant's motion do not demonstrate a "continued course of dealings."  The emails relate only to the parties' communications in 2011 – not 2007 or 2009 – and reflect the parties' efforts to work out a new deal following the cancellation of the 2007 agreement.  Thus, as a matter of law, plaintiff has no cause of action for specific performance (*see id.* at 288; *cf. Zeld Assoc., Inc. v Marcario*, 57 AD3d 660, 660; *see generally Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998).

Finally, plaintiff's contention regarding defendant's alleged failure to make time of the essence is unpreserved for our review (*see Deputy Sheriff's Benevolent Assn. of Onondaga County v County of Onondaga*, 288 AD2d 953, 954).  In any event, even assuming that defendant was required to formally make time of the essence before it was entitled to cancel the original contract, we conclude that specific performance is unwarranted unless plaintiff was, in fact, financially able to close the transaction on the closing date or within a reasonable period of time thereafter (*see Huntington Min. Holdings*, 60 NY2d at 998; *28 Props., Inc. v Akleh Realty Corp.*, 22 AD3d 432, 432, *lv denied* 6 NY3d 714).  The documentary evidence establishes that a successful closing was not within plaintiff's reach in December 2007 or at any reasonable point thereafter.  Indeed, "[p]laintiff failed to demonstrate until [almost] four years subsequent to the original closing date that it was financially able to close" (*28 Props., Inc.*, 22 AD3d at 432).

IV

Accordingly, we conclude that the court properly granted that part of defendant's motion seeking dismissal of the first cause of

action and that the amended order therefore should be affirmed.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court