NEW YORK INVESTORS, INC., Appellant, *v.* MANHATTAN BEACH BATHING PARKS CORPORATION et al., Respondents.

(Argued March 30, 1931; decided April 14, 1931.)

*William N. Dykman, Jackson A. Dykman, Sigourney B. Olney* and *Jules Haberman* for appellant. The title

company notified the defendants that pursuant to the contract it approved and would insure the title subject to the incumbrances and exact exceptions set forth in the contract of sale. (*Holman* v. *Patten*, 227 N. Y. 22.) The title company approved the title and was willing to insure it. (*Ballen* v. *Potter*, 251 N. Y. 224; *Day* v. *Hunt*, 112 N. Y. 191; *Schmidt* v. *Reed*, 132 N. Y. 108; *Hun* v. *Bourdon*, 57 App. Div. 351; *Myers* v. *DeMier*, 52 N. Y. 647; *Schiffer* v. *Dietz*, 83 N. Y. 300.)

*Clarence J. Shearn* and *William Harvey Smith* for respondents. The contract requires the vendor to convey a title that is marketable, and one that the title company will approve as marketable and will insure as such, subject only to stipulated incumbrances. (*Sattler* v. *Hallock*, 169 N. Y. 291; *Wallach* v. *Riverside Bank*, 206 N. Y. 434; *Vought* v. *Williams*, 120 N. Y. 253; *Mutchnick* v. *Davis*, 130 App. Div. 417; *Holman* v. *Patten*, 227 N. Y. 22.) The title company refused to approve the title as marketable and except in a qualified way to insure against defects other than stipulated in the contract. (*Reis* v. *City of New York*, 188 N. Y. 58; *Batchelor* v. *Hinkle*, 140 App. Div. 621; *Ackerman* v. *True*, 175 N. Y. 353; *Brodley* v. *Degnon*, 224 N. Y. 60; *Brown-Brand Realty Co.* v. *Saks & Co.*, 126 Misc. Rep. 336; 218 App. Div. 827.)

*Per Curiam.* The contract of sale provided that the plaintiff's title should be approved and insured by the Title Guarantee and Trust Company before the defendant should be obligated to accept the title and pay the purchase price. The record does not disclose an unequivocal approval of the title by the Title Guarantee and Trust Company. The defendant was not, therefore, bound to accept the title tendered.

We have examined the other questions urged by the appellant but deem it unnecessary to express any opinion in regard to them in view of our conclusion that there

was not such an approval of the title by the title company as to require the defendant to go on with the contract. We leave the question open whether approval, if given, would have been a sufficient answer to the objection that the title was unmarketable.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.