Thomas P. Farley, J.
This action for specific performance of a contract. for the sale of real property and for money damages was tried' by the court without a jury. At the trial both parties stipulated to a judgment granting specific performance, leaving only the question of the plaintiff vendee’s right to damage for determination.
*713 A contract of sale in the usual form, executed on December 11, 1959, provided for the delivery of a deed at the office of the defendant vendor’s attorney “ on or about January 15/1960 ”, Plaintiff testified that during discussions at the time of the contract signing, the defendant’s attorney stated that he would not consent to a specific closing date or a clause that time was to be of the essence. It appears that the defendant had been negotiating since November of 1959 for a new position which would require him to leave the State and that the date on which he was to assume his new duties was indefinite.
Thereafter, it appears that a closing was arranged for January 14, 1960. Prior to this time some of the plaintiffs’ books had been moved into the subject premises with the consent of the defendant. On January 10, 1960, however, the defendant telephoned plaintiff, David L. Gittlitz, and advised him that the closing date would have to be adjourned because of certain delays he had encountered. The plaintiff’s version of this telephone conversation is that the defendant told him, “ I’ve got bad news. I can’t close on January 14th. I have troubles- but I can’t tell you why. I may never move.” Defendant’s testimony, on the other hand, is that he merely telephoned to advise plaintiffs that he had encountered some delay in connection with his new employment and the closing date would have to be adjourned. He requested a 30-day postponement, which was refused. On January 16,1960 (one day after the “ on or about ” date), plaintiffs verified the complaint herein which was then served on January 18,1960.
Plaintiffs’ position is that there was an anticipatory breach of the contract on the part of the defendant, as a result of which they are entitled to damages.
Although a party may treat an entire contract as abrogated and sue immediately where there has been an anticipatory breach, the facts warranting such a position must be fully and clearly established. The defendant’s renunciation of the contract must be an unqualified and positive refusal to perform and must go to the whole of the contract. (Didier v. Macfadden Pubs., 299 N. Y. 49 ; British Films Do Brasil v. London Film Prods., 8 Misc 2d 848, appeal dismissed 4 A D 2d 858 ; Petschke v. Rohdiek, 173 N. Y. S. 380 ; Plunkett v. Comstock, Cheney Co.. 211 App. Div. 737.)
This court is of the opinion that the evidence is insufficient to establish an unqualified and positive refusal to perform on the part of the defendant. It further finds that defendant’s request for an adjournment was not made in bad faith and there was a reasonable excuse for the delay. (Lese v. Lamprecht, 196 *714 N. Y. 32.) Furthermore, in the absence of á provision to the contrary in the contract, or evidence of a notice having been given, the court finds that time was not of the essence of the contract. (Ballen v. Potter, 251 N. Y. 224.). Under the ,cirr ciimstances, the title closing should have been set for a reasonably adjourned date (Cohen v. Santora, 148 N. Y. S. 2d 31) and plaintiffs’ institution of this action was premature. The 30 days requested by defendant was not, in the opinion of this court, unreasonable. Accordingly, the plaintiffs ’ claim for damages has not been sustained and defendant is entitled to judgment dismissing the plaintiffs’ second cause of action on the merits, without costs.