Thomas P. Fabley, J.
Plaintiffs move for a resettlement of the judgment of this court, entered upon a stipulation of the parties, granting specific performance of a contract for the sale of real property. The motion seeks the addition of a further provision in the judgment adjudging the plaintiffs to have a vendee’s lien for the amount of their down payment plus the net cost of title charges.
The plaintiff vendees sued for specific performance of the contract and money damages for the breach thereof. By way of alternative relief, plaintiffs also sought a vendee’s lien for the amount of their contract down payment plus the net title charges. At the trial before the court without a jury, both parties stipulated to the entry of the judgment granting specific performance. The court then took testimony on the question of whether there had been an anticipatory breach of the contract on the part of the defendant resulting in damages, and determined that there had been no breach (Gittlits v. Lewis, 28 Misc 2d 712). No evidence was taken at the trial on the question of whether the defendant would be able to convey title in accordance with the terms of the contract, since this was not an issue raised by the pleadings. As a consequence, the question of whether plaintiffs would be entitled to a vendee’s lien was not determined.
*135 The final judgment merely provides that ‘ ‘ on the 4th day of April, 1961, the defendant shall deliver and the plaintiffs shall accept a deed to premises No. 1 Montclair Road, Plainview, New York, pursuant to the terms of the contract of sale entered into by the parties hereto on December 11, 1959”. (Emphasis supplied.)
The contract of sale, insofar as herein pertinent, provides as follows: “ The seller [defendant] shall give and the purchaser [plaintiffs] shall accept a title such as any bona fide title company will approve and insure * * *. In the event that the seller is unable to convey title in accordance with the terms of this contract, the sole liability of the seller will be to refund to the purchaser the amount paid on account of the purchase price and to pay the net cost of examining the title, and upon such refund and payment being made this contract shall be considered cancelled. ’ ’
Concededly, the title company retained by the plaintiff to make a search of the title and insure the title, has issued an equivocal approval thereof, refusing to insure against the enforcement of certain utility easements, reservations and covenants enumerated in its title report.
There is some authority for the proposition that in such a case, the purchaser is not bound to accept the title tendered and will have a lien for his contract down payment (New York, Investors v. Manhattan Beach Bathing Parks Corp., 256 N. Y. 162); even though the exceptions be erroneously taken (Flanagan v. Pox, 6 Misc. 132, affd. 144 N. Y. 706); or the covenants or restrictions benefit the property (Weiss v. Sachs, 112 N. Y. S. 2d 97) or are of insufficient magnitude to render title unmarketable (Kopp v. Barnes, 10 A D 2d 532; Gilchrest-Great Neck v. Byers, 27 Misc 2d 1078).
However, it is well settled that resettlement is permissible only for the inclusion of a judicial pronouncement of some recital or provision which was initially omitted through inadvertence. It is a “ procedure of correction or clarification, not one to change or to amplify the direction of the court” (Ruland v. Tuthill, 187 App. Div. 314, 315) or to ‘ ‘ change the judgment in matter of substance ”. (Herpe v. Herpe, 225 N. Y. 323, 327.) “ Such result may not be accomplished indirectly by a motion, purportedly made in the action, after the court’s judicial authority therein has been exhausted ”. (Tait v. Lattingtown Harbor Dev. Co., 12 A D 2d 966.) The rule would seem to hold particularly true where, as here, the judgment has been entered upon a limited stipulation of the parties (Medhart Mfg. Co, v. Rafferty, *136 243 App. Div. 632) and the plaintiffs were unable to establish their cause of action for damages (cf. Cooley v. Lobdell, 153 N. Y. 596, 603; Switzer v. Commissioners for Loaning Certain Moneys, 134 App. Div. 487, 489).
Accordingly, the motion is denied, without prejudice to such further actions or proceedings as plaintiffs may be advised and which may be proper in the prosecution of their claim for return of their contract down payment and net title charges.