■ MICHAEL NEWMARK et al., Respondents-Appellants, v. SAMUEL B. WEINGRAD et al., Defendants-Appellants-Respondents; SAMUEL B. WEINGRAD, Third-Party Plaintiff-Appellant; CHICAGO TITLE INSURANCE Co., Third-Party Defendant-Respondent.— In an action by vendees to recover their down payment and expenses on a contract for the sale of certain real property, (1) defendants, one of whom is the third-party plaintiff, appeal from an order of the Supreme Court, Queens County, dated July 23, 1973, which denied their motion for summary judgment in their favor against plaintiffs and in the third-party plaintiff's favor against the third-party defendant; and (2) plaintiffs cross-appeal from the order insofar as it denied summary judgment to them. Order modified, on the law, by adding thereto a provision granting summary judgment to plaintiffs for the relief demanded in their complaint and granting summary judgment in favor of the third-party defendant dismissing the third-party complaint. As so modified, order affirmed, with $20 costs and disbursements to plaintiffs against defendants and with $20 costs and disbursements to the third-party defendant against the third-party plaintiff. The complaint alleges in essence that on January 13, 1973 plaintiffs entered into a contract with defendant Samuel B. Weingrad to purchase certain real property at No. 10 Romola Drive (Lots Nos. 5 and 7), Village of Kings Point, Great Neck, Long Island. Lot No. 7 consists of three and one-half acres which are washed by the tidal waters of Little Neck Bay. The contract provides that "the seller shall give and the purchaser shall accept a title such as any Title Insurance Company of purchasers' choice will approve and insure" and contains the further provision that "it is understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement". It also provides that if the seller cannot convey title in accordance with the contract, the seller will return the down payment and pay the purchasers their net costs of an examination of title and of procuring a survey. Plaintiffs gave a check in the sum of $20,000 payable to Weingrad & Weingrad P. C.

(also a defendant), to be held in escrow. Samuel Weingrad agreed to convey a good and marketable title, but was unable to convey such title to Lot No. 7, and the title company chosen by plaintiffs, Chicago Title Insurance Co. (the third-party defendant), refused to insure title to that lot. Plaintiffs demanded return of the $20,000, plus $1,362.90 as expenses incurred in the title search and survey. Defendants served an answer which included a counterclaim by defendant Samuel Weingrad against plaintiffs and a third-party complaint against the title company for specific performance and money damages, alleging in substance that the parties had agreed that title to Lot No. 7 would not be insured, in accordance with accepted custom and usage regarding land washed by tidal waters; that the title company's refusal to insure Lot No. 7 was based upon a "sham and false claim" that the lot was owned by the Town of North Hempstead; that a conspiracy existed between plaintiffs, their attorneys and the title company to enable plaintiffs to avoid their contractual obligations; and that defendant Samuel Weingrad had already purchased another home. Indisputably, the title company refused to insure title to Lot No. 7. It is well established that where a contract requires that the seller shall give and the purchaser shall accept a title such as a designated title company will approve and insure, the seller assumes the burden of delivering a title which such title company will approve and insure unconditionally and without exceptions (*Gilchrest House* v. *Guaranteed Tit. & Mtge. Co.*, 277 App. Div. 788, affd. 302 N. Y. 852; *New York Investors* v. *Manhattan Beach Bathing Parks Corp.*, 256 N. Y. 162; 62 N. Y. Jur., Vendor and Purchaser, § 46, and cases there cited). Nothing is presented by defendant vendor to warrant a departure from this firmly entrenched principle. Accordingly, as a matter of law, summary judgment should have been granted in favor of plaintiffs pursuant to CPLR 3212 (subd. [b]). Additionally, the defendant vendor has failed to demonstrate by evidentiary facts any substance to his third-party complaint against the title company. It is axiomatic that to defeat summary judgment (here, such judgment for the title company) the opponent (here, the third-party plaintiff vendor) must present evidentiary facts sufficient to raise a triable issue of fact, and averments merely stating conclusions, of fact or of law, are insufficient (*Mallad Constr. Corp.* v. *County Fed. Sav. & Loan Assn.*, 32 N Y 2d 285, 290). Consequently, summary judgment should be granted in favor of the title company dismissing the third-party complaint. Gulotta, P. J., Hopkins, Latham and Brennan, JJ., concur.