(July 29, 1991)

■ JOHN L. COSTA, Respondent, v DISTRICT NURSING ASSOCIATION OF NORTHERN WESTCHESTER, INC., Appellant.—In an action, *inter alia,* seeking recovery of a deposit paid to the defendant pursuant to a contract for the purchase of certain real property, the defendant appeals from an amended order and judgment (one paper), of the Supreme Court, Westchester County (Marbach, J.), dated February 13, 1990, which granted the plaintiff's motion for summary judgment, denied the defendant's cross motion for summary judgment, and directed the defendant to return the plaintiff's down payment.

Ordered that the amended order and judgment is affirmed, with costs.

The plaintiff and the defendant entered into a contract dated January 30, 1989, in which the plaintiff agreed to purchase certain real property owned by the defendant and

accept insurable title to the property subject to, *inter alia,* "[a]ny state of facts shown on survey prepared by Bunney Associates Land Surveyors, dated September 10, 1986" (hereinafter the Bunney Associates survey). The plaintiff made a down payment of $45,000 pursuant to the contract, which the defendant was required to refund if it could not transfer title in accordance with the contract. After signing the contract, the plaintiff ordered a title search of the subject premises, and the title report stated, *inter alia,* that an asphalt parking area from the adjoining property encroached upon the subject premises. This encroachment was not noted in the Bunney Associates' survey. The plaintiff's title insurance company provided an exception from coverage for that encroachment. Thereafter, the plaintiff requested the defendant to refund its down payment and the defendant refused.

The plaintiff brought this action, and the defendant counterclaimed, alleging that the plaintiff had breached the contract by refusing to close title to the property and sought, *inter alia,* to retain the down payment as liquidated damages pursuant to the contract. The plaintiff moved for summary judgment and the defendant cross-moved for summary judgment. In the amended order and judgment dated February 13, 1990, the court directed the defendant to refund the plaintiff's down payment.

It is well settled that when a contract's language is unambiguous, a court will enforce its plain meaning rather than rewrite the agreement *(Laba v Carey,* 29 NY2d 302, 308). Where a purchaser of real property has agreed to take insurable title subject to facts shown on a survey, the seller cannot comply if the plaintiff's title company refuses to fully insure title *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 78 NY2d 944; *Laba v Carey, supra,* at 307-308; *Newmark v Weingrad,* 43 AD2d 983, *affd* 35 NY2d 832). In the present case, the plaintiff agreed to accept insurable title subject to the facts shown on the Bunney Associates' survey. That survey failed to reveal the existence of the encroachment from the adjoining premises. Since the plaintiff's title company provided for an exception from coverage for that encroachment, the defendant could not convey insurable title as called for in the contract, and was required to refund the plaintiff's down payment pursuant to the contract. Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.