■ LARRY STATHAKIS, Appellant, v SAMUEL H. POON, Respondent, et al., Defendant. [744 NYS2d 473] —In an action for the return of a down payment on a real estate contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated August 20, 2001, which denied his motion for summary judgment and granted the cross motion of the defendant Samuel H. Poon for summary judgment dismissing the complaint insofar as asserted against him and for summary judgment on his counterclaim to recover damages for breach of contract.

Ordered that the order is affirmed, with costs.

The plaintiff, as purchaser, and the defendant Samuel H. Poon (hereinafter the defendant), as seller, entered into a contract for the sale of five lots of property in Maspeth, one of which was improved with a one-family dwelling, and the others of which were unimproved. The purchase price was $470,000, all cash, and the plaintiff made a down payment of $47,000 to be held in escrow by the defendant's attorney. The preprinted portion of the contract contained standard language to the effect that, inter alia, the defendant was required to convey, and the plaintiff was required to accept, such title as a reputable New York State title company was willing to approve and insure with a standard form of title policy, and that the defendant was to deliver a bargain and sale with covenants deed, "so as to convey to Purchaser fee simple title to the premises, free of all encumbrances, except as otherwise herein stated." The rider to the contract provided, inter alia, that the "premises are sold and to be conveyed subject to: (a) any state of facts an accurate survey would show provided same does not render title unmarketable [and] (b) [u]tilities agreements, easements covenants, reverters, restriction and consents if any, of

record, insofar as the same may now be in force and/or effect provided the same [i]s not violated by existing structures, or present use."

When the plaintiff obtained a title report for the premises, he learned that part of the vacant land lay in the bed of a mapped, but unopened street, and that the title company would not insure that part of the premises. Contending that the defendant was unable to convey marketable, insurable title due to partial encroachment by an unopened street, the plaintiff purported to cancel the contract, and demanded the refund of his down payment. When the defendant refused to refund the down payment, the plaintiff brought the instant action, and the defendant counterclaimed to recover damages for breach of contract, seeking, inter alia, permission to retain the down payment as liquidated damages, in accordance with the contract. The plaintiff moved for summary judgment and the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. We affirm.

"A court may not rewrite into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning" (*Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016). Here, the plaintiff expressly agreed to accept title subject to, inter alia, restrictions of record, as long as they were not violated by the present use of the property. The mapped but unopened street was just such a restriction, and thus, the defendant was able to convey precisely the kind of title that the contract obligated him to tender (*see Laba v Carey,* 29 NY2d 302). The plaintiff, therefore, had no right to cancel the contract, and the defendant was properly awarded the down payment as liquidated damages, in accordance with the terms of the contract. Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.