█ BARRY STEINBERG et al., Respondents, v JUDY LINZER, Appellant. [812 NYS2d 565]—

In an action, inter alia, to recover a down payment on a real estate contract, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated December 18, 2003, as, upon renewal, granted the plaintiffs' motion for summary judgment and denied her cross motion for summary judgment dismissing the complaint, and (2) from a judgment of the same court entered

January 26, 2004, which, upon the order, is in favor of the plaintiffs and against her in the principal sum of $66,895.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, the motion is denied, the order dated December 18, 2003, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant, Judy Linzer (hereinafter the seller), entered into a contract to sell a certain piece of real property (hereinafter the premises) to the plaintiffs, Barry Steinberg and Laura Fontana (hereinafter the buyers), and the buyers made a $65,000 down payment upon execution of the contract. The property was divided into two parcels, parcel "A" and parcel "B." The contract provided that the seller must tender "such title as any NY licensed title company shall be willing to approve and insure." The buyers hired a surveyor to perform a survey, which revealed the existence of a chain-link fence running through the premises and into an adjacent parcel of land. The buyers then ordered a title examination by a title insurance company; the title report indicated several exceptions, including that the company refused to insure a portion of the premises located between the fence and the adjacent parcel of land.

The buyers notified the seller that they would not accept a deed unless the seller cleared title. The buyers failed to attend a closing date set for January 24, 2002, and the seller declared them in default. On January 28, 2002 the seller obtained a commitment from another title insurance company to insure the premises without any exceptions pertaining to the fence, relying on a survey conducted in 1970, which preceded the erection of the fence.

The buyers commenced the instant action seeking, inter alia, the return of their down payment. Upon granting the buyers' motion for summary judgment and denying the seller's cross motion for summary judgment, the Supreme Court entered judgment in favor of the buyers, awarding them the down pay-

ment, in addition to the costs of the survey and title examination. We reverse.

It is well settled that in order to place a vendor in default for a claimed failure to provide clear title, the purchasers must first tender performance and demand good title (*see Capozzola v Oxman*, 216 AD2d 509, 510 [1995]). A tender of performance by the purchasers is excused only if the title defect is not curable (*see Cohen v Kranz*, 12 NY2d 242, 246 [1963]; *Ilemar Corp. v Krochmal*, 44 NY2d 702, 703-704 [1978]). Contrary to the plaintiffs' contention, triable issues of fact exist, including, but not limited to, whether the parties intended to convey a fee simple or merely a right of way in parcel "B," whether the fence, driveway, and retaining wall located thereon created an out-of-possession condition, and whether such title defect was curable by the vendor within a reasonable time. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.