■ MARGARITA LISENENKOV, Respondent, v ANITA KASZIRER et al., Appellants. [838 NYS2d 545]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 30, 2006, which, in an action to recover a down payment made on a contract for the sale of a condominium unit, granted plaintiff buyer's motion for summary judgment, unanimously affirmed, with costs.

It appears that buyer's lender refused to issue the required checks at the closing because of two exceptions in the title report that buyer claims were not permitted by the purchase contract and her title company represents rendered title uninsurable within the meaning of the contract (fee title to be conveyed subject to, inter alia, permitted exceptions and "other matters as . . . the Title Company or any other title insurer licensed to do business in the State of New York shall be willing, without special or additional premium, to omit as exceptions to coverage"). The first exception was seller's failure to deliver a waiver of the right of first refusal from the condominium. However, under the purchase contract, such waiver was required only if the condominium's declaration or bylaws gave it such right, and, on appeal, there is no dispute that neither the declaration nor bylaws conferred such right. The second exception was seller's failure to deliver, as required by the contract, a statement from the condominium that common charges and assessments were current up to the date of the closing. It appears that the condominium was concerned with buyer's financial ability to pay common charges, and refused to give seller either a waiver of the right of first refusal or a statement that maintenance and assessments were current unless buyer presently paid two years of common charges in advance. Seller, who acknowledges that the contract was not conditioned on the condominium's approval and that the condominium did not otherwise have a legal right to reject buyer, argues that the condominium, furnished with a financial statement showing that buyer was either withholding information or had not been truthful to her lender in obtaining the mortgage commitment, did have a right to demand the advance payment, and that buyer's refusal to pay it frustrated seller's ability to deliver insurable title, i.e, was a default under the contract. However, as the motion court correctly found, whatever right or justification the condominium might have had for demanding financial information from buyer, it had no right to demand, and buyer had no obligation to pay, the advance. As seller failed to deliver a statement from the condominium that all charges were current, and as such statement was called for by the contract, and as it ap-

pears that nondelivery of the statement rendered title uninsurable within the meaning of the contract, it was seller who was in default of the purchase contract, and buyer was properly granted summary judgment directing return of her down payment (*see Gargano v Rubin*, 200 AD2d 554 [1994]). We have considered seller's other arguments and find them to be unavailing. Concur—Sullivan, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ. [*See* 13 Misc 3d 1184.]