■ JOHN RAIMONDI, Appellant, v BOARD OF MANAGERS OF OLYMPIC TOWER CONDOMINIUM, Respondent. [859 NYS2d 191]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered November 20, 2007, as amended by order entered February 4, 2008, which, insofar as appealed from, granted

defendant's motion for summary judgment dismissing the complaint and in defendant's favor on its first, second and third counterclaims, unanimously affirmed, with costs.

Summary judgment was properly granted to defendant in this action where plaintiff buyer entered into an agreement with defendant under which, in consideration for defendant waiving its right of first refusal to purchase the subject condominium unit, he agreed to pay 7.5% of his profit if he sold the unit within five years of purchase (Letter Agreement). Plaintiff failed to establish any basis upon which the Letter Agreement is void and unenforceable. Rather, based on the broad powers vested in defendant in the bylaws in carrying out the affairs of the condominium, its act of entering into the Letter Agreement with plaintiff as a condition for waiving its right of first refusal was well within the scope of its authority and did not deviate from the procedures contained in the bylaws regarding the exercise or waiver of its first right of refusal (*compare Lisenenkov v Kaszirer*, 41 AD3d 282, 283 [2007]). Furthermore, defendant's action of entering into the Letter Agreement is entitled to the protections of the business judgment rule inasmuch as the action furthered a corporate purpose and was not taken in bad faith (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530 [1990]).

Contrary to plaintiff's contention, the Letter Agreement did not constitute an unreasonable restraint on his ability to sell the unit, and plaintiff has not alleged any claim that the Letter Agreement was imposed upon him on the basis of "race, creed, color or national origin" (Real Property Law § 339-v [2] [a]). Plaintiff is a sophisticated businessman, and the record is devoid of evidence, other than plaintiff's self-serving statements, to support his allegation that he was compelled to execute the Letter Agreement.

We have considered plaintiff's remaining arguments, including that the Letter Agreement constituted an unauthorized flip tax, and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ. [*See* 2007 NY Slip Op 33725(U).]