MARK MISK, Respondent, v JOYCE C. MOSS et al., Defendants, and ANGELA O'BRIEN, Appellant. [882 NYS2d 491]—

In an action, inter alia, for the partition and sale of real property, the defendant Angela O'Brien appeals, as limited by her brief, from so much of an order and amended judgment (one paper) of the Supreme Court, Queens County (Kelly, J.), entered December 19, 2007, as, upon remittitur from this Court (*see Misk v Moss,* 41 AD3d 672 [2007]), granted the plaintiff's motion to confirm a referee's report dated April 19, 2007, as adjusted, regarding the sale of the subject real property and the distribution of the proceeds therefrom, confirmed the report, and declined to award her consequential damages for the plaintiff's failure to proceed to closing on a previously-scheduled judicial sale of the subject property.

Ordered that the order and amended judgment is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendant Angela O'Brien, the plaintiff did not willfully default on the purchase of the subject real property, and O'Brien thus was not entitled to an award of consequential damages. The terms of the judicial sale conducted by the referee gave the successful bidder, in this case the plaintiff, the right to cancel the sale if the referee was unable to convey insurable title. The plaintiff demonstrated that an appeal filed by O'Brien in connection with the partition of the subject real property rendered title to that property uninsurable. Accordingly, the plaintiff acted within his rights in cancelling the sale (*see Lisenenkov v Kaszirer,* 41 AD3d 282 [2007]; *Gargano v Rubin,* 200 AD2d 554 [1994]; *Patten of N.Y. Corp. v Geoffrion,* 193 AD2d 1007 [1993]; *Costa v District Nursing Assn. of N. Westchester,* 175 AD2d 274 [1991]; *Kopp v Barnes,* 10 AD2d 532 [1960]). O'Brien's remaining contentions in this regard are without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.