■ Stenda Realty, LLC, Respondent, v Peter C. Kornman et al., Appellants. [889 NYS2d 639]—

In an action to recover damages for breach of a contract for the sale of real property, and for a judgment declaring that the defendants breached the contract and that the plaintiff is entitled to receive and retain, as liquidated damages, the down payment given pursuant to that contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated July 11, 2008, which granted the plaintiff's motion for summary judgment and denied their cross motion, inter alia, for summary judgment dismissing the first cause of action and declaring that they did not breach the contract and that the plaintiff is not entitled to receive and retain, as liquidated damages, the down payment given pursuant to the contract.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendants are in breach of the contract and that the plaintiff is entitled to receive and retain, as liquidated damages, the down payment given pursuant to that contract.

The defendants Peter Kornman and Mary Kornman (herein·after the buyers) contracted to purchase waterfront residential real property located in the hamlet of Orient in the Town of Southold, from the plaintiff, Stenda Realty, LLC (hereinafter the seller). The premises were completely upland and bounded by a bulkhead at the high water line. The contract of sale required the seller to tender insurable title, and provided that title was to be conveyed subject to certain permitted exceptions. The contract further provided that, in the event of the buyers' default, the seller was to receive and retain, as liquidated damages, the sum of $243,250, representing the down payment which the buyers deposited into escrow pursuant to the contract. A description of the premises was appended to the contract, which showed it to be approximately one half of an acre in size.

After the contract was executed, Lawyers Title Insurance Corporation (hereinafter the title insurer), committed itself to issue title insurance referable to the premises, subject to certain exceptions. At issue here are the "underwater exceptions" articulated in the title insurance policy, which provided that no title was to be insured as to any land lying below the present high water line of Orient Harbor, and that title would be insured subject to both the riparian rights of others over the harbor and the rights of various government entities pertaining to the land under water. The buyers negotiated with the title insurer, which refused to remove the exceptions entirely, but modified them to make clear that they applied only to land below the present high water line.

Based on the title insurance exceptions and their discovery that the parcel was actually smaller than one half of an acre, the buyers rejected the seller's time-of-the-essence letter, and requested return of their down payment. The buyers failed to appear at the subsequent closing, at which the seller's counsel was prepared to tender title.

The seller commenced this action against the buyers, alleging breach of contract, and seeking a declaration that the buyers were in breach of the contract and that it is entitled to receive and retain the down payment as liquidated damages pursuant to the contract.

The seller moved for summary judgment, and the buyer cross-moved, inter alia, for summary judgment. The Supreme Court granted the seller's motion, and denied the buyers' cross motion. The buyers appeal and we affirm.

The seller made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it was ready, willing, and able to perform on the law day, while the buyers failed to appear and proceed with the closing (*see Pinhas v Comperchio*, 50 AD3d 1117 [2008]; *Engelhardt v McGinnis*, 2 AD3d 572, 573 [2003]). In opposition, the buyers failed to raise a triable issue of fact. In particular, they argued to the Supreme Court that there was a mutual mistake regarding the size of the subject parcel, and that the seller breached its obligation to tender insurable title. The Supreme Court correctly determined that those arguments were without merit.

The discrepancy concerning the size of the parcel did not entitle the buyers to rescind the contract based on mutual mistake. The seller demonstrated, and the buyers concede, that the seller sent the buyers' attorney an accurate survey prior to the execution of the contract. This knowledge of the accurate dimensions is imputed to the buyers, regardless of whether

their attorney actually communicated such facts to them prior to execution of the contract (*see Center v Hampton Affiliates*, 66 NY2d 782, 784 [1985]; *Christopher S. v Douglaston Club*, 275 AD2d 768, 769 [2000]). Accordingly, there was no mutual mistake of fact at the time the contract was entered into (*cf. Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453 [1993]; *D'Agostino v Harding*, 217 AD2d 835, 837 [1995]; *D'Antoni v Goff*, 52 AD2d 973, 974 [1976]).

Generally, when a seller contracts to deliver title that a reputable insurance company would insure, the seller breaches the contract when the title company refuses to insure title unconditionally and without exception (*see Laba v Carey*, 29 NY2d 302, 307 [1971]). "The rule is not, however, absolute, but rather is one to be tempered by the exigencies of the particular contract. Thus, it is said that the title company's approval must be unequivocal unless the exceptions are those contemplated by the contract" (*Laba v Carey*, 29 NY2d at 307-308; *see Rozen v 7 Calf Creek*, LLC, 52 AD3d 590, 592 [2008]; *Lisenenkov v Kaszirer*, 41 AD3d 282, 283-284 [2007]; *Stathakis v Poon*, 295 AD2d 496, 497 [2002]; *Patten of N.Y. Corp. v Geoffrion*, 193 AD2d 1007, 1008 [1993]; *Costa v District Nursing Assn. of N. Westchester*, 175 AD2d 274, 275 [1991]; *Kopp v Barnes*, 10 AD2d 532, 534-535 [1960]).

Here, the seller demonstrated, prima facie, that it attempted to tender insurable title in accordance with the contract. It is undisputed that the contract contemplated conveyance of the upland parcel only, bounded by the high water line. The seller further demonstrated that the underwater exceptions articulated in the policy of title insurance, as modified, applied only to the adjoining underwater land below the current high water line, and did not apply to the parcel which was to be conveyed. The buyers failed to raise a triable issue of fact that the underwater exceptions applied to any portion of the subject parcel (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Since the buyers failed to appear at the scheduled closing and tender performance (*see Laba v Carey*, 29 NY2d 302 [1971]; *Stathakis v Poon*, 295 AD2d 496 [2002]), they breached the contract, and the seller is entitled to receive and retain the down payment as liquidated damages.

The buyers' remaining contentions either are without merit, or need not be reached in light of our determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for

the entry of a judgment, inter alia, declaring that the buyers breached the contract and that the seller is entitled to receive and retain the down payment as liquidated damages (*see Lanza v Wagner*, 11 NY2d 317, 332 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Florio, Miller and Hall, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32279(U).]**