■ 111-38 MANAGEMENT CORP., Respondent, v DIEGO BENITEZ, Also Known as JUAN D. BENITEZ, Appellant, et al., Defendant. [895 NYS2d 468]—

In an action, inter alia, for the return of a down payment given pursuant to a contract for the sale of real property and to recover damages for breach of a contract for the sale of real

property, the defendant Diego Benitez, also known as Juan D. Benitez, appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated February 26, 2009, as denied that branch of his motion which was for summary judgment on his counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant was not required to convey marketable title to the subject property, since the contract at issue provided that the appellant would convey such title at closing that a reputable title company would be willing to approve and insure (see *Laba v Carey*, 29 NY2d 302, 311 [1971]; *Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571 [1993]; *Regan v Lanze*, 40 NY2d 475, 482 [1976]). The appellant, however, failed to establish his prima facie entitlement to summary judgment on his counterclaim to recover damages for breach of contract since he failed to demonstrate that he could convey insurable title in accordance with the terms of the contract (see *Gindi v Intertrade Internationale Ltd.*, 50 AD3d 575 [2008]; *Gargano v Rubin*, 200 AD2d 554, 555 [1994]). Since the appellant failed to establish his prima facie entitlement to summary judgment on his breach of contract counterclaim, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

To the extent that the appellant raises arguments regarding that branch of his motion which was for leave to enter judgment on his counterclaims upon the plaintiff's alleged default in replying to his counterclaims, that branch of his motion remains pending and undecided (see *Katz v Katz*, 68 AD2d 536 [1979]).

The appellant's remaining contentions are without merit. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.