EUROVISION 426 DEVELOPMENT, LLC, Appellant, v 26-01 ASTORIA DEVELOPMENT, LLC, et al., Respondents. [915 NYS2d 288]—

In an action, inter alia, for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 22, 2009, which denied its motion for summary judgment on the first cause of action to recover the down payment based upon breach of contract.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the first cause of action to recover the down payment based upon breach of contract is granted.

The plaintiff (hereinafter the buyer) contracted to purchase

real property from the defendant 26-01 Astoria Development, LLC (hereinafter the seller), for the sum of $11,000,000, and deposited a $250,000 down payment with an escrow agent, the defendant Harry Freifeld. The contract, which provided that time was of the essence, required the buyer to retain a title insurance company to insure title and permitted the seller to adjourn the closing date for a period of 90 days thereafter. Pursuant to the contract, the buyer retained a title insurance company, whose title search disclosed a deed purporting to convey the property from Shia Ostreicher to Isaac Silberstein (hereinafter the Ostreicher deed). Ostreicher, a former partner of the seller, was involved in an arbitration dispute with the other partner of the seller, Judith Grunbaum, over the sale of his interest in the property. The title company listed the deed as an exception to coverage and required that it be disposed of prior to closing. Meanwhile, the seller commenced an action against Ostreicher in the Supreme Court to nullify the deed.

At the closing date provided for in the contract, the buyer failed to tender the purchase price, and the Ostreicher deed remained on record. It appears that the parties contemplated an adjourned closing date to allow the seller to provide clear title. Approximately one month after the closing date, the buyer canceled the contract on the ground that the seller failed to provide clear title. The buyer then commenced this action to recover its down payment before the 90-day period ended. After the complaint was filed and the 90-day period to remedy any title defect expired, the seller requested an adjourned closing date. Both the arbitration dispute between Ostreicher and Grunbaum and the Supreme Court action between the seller and Ostreicher remained pending at the conclusion of the 90-day period, and the deed was still recorded.

The buyer moved for summary judgment on its cause of action for the return of its down payment based upon breach of contract, asserting that the seller was unable to provide insurable and marketable title as required by the contract on the closing date or within the 90-day period to cure any title defect. The Supreme Court denied the buyer's motion, concluding that there was a triable issue of fact as to whether the seller was given sufficient opportunity to cure the title issues. We reverse.

When a seller contracts to deliver title that an insurance company retained by the buyer would insure, the seller breaches the contract when the title insurance company refuses to insure title unconditionally and without exception, unless the exception is contemplated by the contract (see *Laba v Carey*, 29 NY2d 302, 307 [1971]; *Stenda Realty, LLC v Kornman*, 67 AD3d 996,

999 [2009]; *Newmark v Weingrad*, 43 AD2d 983 [1974], *affd* 35 NY2d 832 [1974]; *Kopp v Barnes*, 10 AD2d 532, 534-535 [1960]). Here, the buyer made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the seller could not deliver title insured by the buyer's title insurance company either on the closing date or within the 90-day period to cure any title defects provided for in the contract. The buyer's title insurance company would not insure title unless the Ostreicher deed was disposed of prior to closing. It is undisputed that the deed remained on record at the conclusion of the 90-day period following the closing date set by the contract.

Contrary to the Supreme Court's conclusion, the seller failed to raise a triable issue of fact as to whether it could deliver title that would be insured by the buyer's insurance company either at the closing date or within the 90-day period thereafter (*see Rozen v 7 Calf Cr., LLC*, 52 AD3d 590, 592 [2008]; *Nowak v Rametta*, 43 AD3d 1120, 1122-1123 [2007]; *Costa v District Nursing Assn. of N. Westchester*, 175 AD2d 274, 275 [1991]; *Newmark v Weingrad*, 43 AD2d 983 [1974]; *Kopp v Barnes*, 10 AD2d at 534-535). Since the seller could not have cured the title defect within the time provided for by the contract, the buyer's failure to tender performance on the closing date or any time thereafter was immaterial on the issue of whether it was entitled to a return of the down payment (*see Cohen v Kranz*, 12 NY2d 242, 246 [1963]; *Ilemar Corp. v Krochmal*, 44 NY2d 702, 703-704 [1978]; *Matter of Hicks*, 72 AD3d 1085, 1087 [2010]; *Kopp v Barnes*, 10 AD2d at 534-535; *cf. Steinberg v Linzer*, 27 AD3d 450, 452 [2006]). Accordingly, the Supreme Court erred in denying the buyer's motion for summary judgment on its cause of action to recover the down payment based upon breach of contract. Dickerson, J.P., Leventhal, Hall and Austin, JJ., concur.