■ RIVKA BENHAMO, Appellant, v JOSEPH MARINELLI et al., Respondents. [919 NYS2d 70]—

The defendants established their prima facie entitlement to judgment as a matter of law by tendering evidence in admissible form that the defendants Joseph Marinelli and Monique Marinelli (hereinafter together the sellers) were ready, willing, and able to perform their obligations pursuant to a contract for the sale of the subject real property on the law day, and that the plaintiff failed to appear and proceed with the closing (*see Stenda Realty, LLC v Kornman*, 67 AD3d 996, 998 [2009]; *Pinhas v Comperchio*, 50 AD3d 1117 [2008]). In opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact. The sellers had declared that time was of the essence, a condition to which the plaintiff, through her counsel, agreed. As a result, in order to obtain specific performance of the contract, the plaintiff was required to first tender performance and demand good title (*see Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]; *Nowak v Rametta*, 43 AD3d 1120, 1122 [2007];

*Steinberg v Linzer*, 27 AD3d 450, 452 [2006]; *Paglia v Pisanello*, 15 AD3d 373 [2005]). Here, however, the plaintiff failed to do so, as she never substantiated her contention that she had the funds to purchase the property (*see Zeitoune v Cohen*, 66 AD3d at 892; *Madison Equities, LLC v MZ Mgt. Corp.*, 17 AD3d 639, 640 [2005]; *see also Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P.*, 78 AD3d 1010 [2010]).

As the defendants established that the plaintiff defaulted under the contract, and the plaintiff failed to rebut that showing or proffer any excuse for her defaults, the sellers' attorney was authorized to release the down payment from escrow to the sellers, who were thereafter entitled to retain the down payment as liquidated damages pursuant to the contract (*see Stenda Realty, LLC v Kornman*, 67 AD3d at 999; *Hegner v Reed*, 2 AD3d 683, 685 [2003]).

The parties' remaining contentions either need not be reached in light of our determination, have been rendered academic, or are without merit. Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.