■ STEVEN B. CANDULLO et al., Respondents-Appellants, v ROY NICOSIA et al., Appellants-Respondents, et al., Defendant. [951 NYS2d 556]—

In an action to retain a down payment as liquidated damages for breach of a contract for the sale of real property, the defendants Roy Nicosia and Suzanne M. Feldman appeal from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated June 13, 2011, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on the complaint.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion of the defendants Roy Nicosia and Suzanne M. Feldman for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants Roy Nicosia and Suzanne M. Feldman.

The plaintiffs (hereinafter the sellers) entered into a contract to sell their single-family home to the defendants Roy Nicosia and Suzanne M. Feldman (hereinafter together the buyers). The contract of sale, inter alia, required the sellers to deliver "such title as any title underwriter, or any agent in good standing with its underwriter, will be willing to approve and insure in accordance with the standard form of title policy approved by the New York State Insurance Department, subject only to those matters provided for in [the] Contract."

After the parties entered into the contract and before closing title, the buyers ordered a land survey, which revealed that a fence at the rear of the premises extended over the property line by 28 feet, at a length of 160 feet across the backyard. The buyers' insurance company refused to insure the premises free and clear of this encroachment, and the buyers refused to close title.

The sellers commenced this action to retain the buyers' down payment as liquidated damages, alleging that the buyers breached the contract by refusing to close title. The sellers moved for summary judgment on the complaint, and the buyers cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 13, 2011, the Supreme Court denied both the motion and the cross motion. The buyers appeal from so much of the order as denied

their cross motion, and we reverse the order insofar as appealed from.

The buyers established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that the sellers were unable to deliver title as provided in the contract of sale, and that this breach entitled them to a refund of all of the money they paid pursuant to the contract as well as a refund for specified charges (*see Eurovision 426 Dev., LLC v 26-01 Astoria Dev., LLC*, 80 AD3d 656, 658 [2011]). In opposition, the sellers failed to raise a triable issue of fact (*see Kopp v Barnes*, 10 AD2d 532, 535 [1960]). Accordingly, the Supreme Court should have granted the buyers' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Eng, Lott and Miller, JJ., concur.