*863 In an action, inter alia, for the return of a down payment pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Queens County (Strauss, J.), entered April 24, 2012, which denied that branch of their motion which was for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and that branch of the defendants’ motion which was for summary judgment dismissing the complaint is granted.
In June 2007, a real estate entity known as “111-38 Management Corp.” (hereinafter Management) entered into a contract to purchase the home of the defendant seller, Diego Benitez, also known as Juan D. Benitez (hereinafter the seller), in Corona, Queens (hereinafter the premises) for $1,560,000 (hereinafter the contract). Management’s $156,000 down payment was placed into an escrow account with the seller’s attorney.
Management subsequently obtained a title report which allegedly restricted the use of the property on which the premises were located to a single-family dwelling. Management terminated the contract on the ground that the seller could not convey good and marketable title, and commenced an action in the Supreme Court against the seller and his attorney, as escrowee, seeking, inter alia, the return of its down payment. The seller and his attorney answered and counterclaimed to recover damages for breach of contract, and moved, inter alia, for summary judgment on the counterclaims.
After the Supreme Court denied the motion in an order dated February 26, 2009, the seller and his attorney appealed to this Court, which affirmed the denial of their motion for summary judgment (see 111-38 Mgt. Corp. v Benitez, 70 AD3d 911 [2010]). This Court found that the seller was not required to convey marketable title under the terms of the contract of sale, but that he failed to establish his prima facie entitlement to judgment on his counterclaim by demonstrating that he could satisfy the contractual requirement of conveying insurable title.
When the matter came to trial, Management entered into protracted settlement negotiations with the seller and his attorney, which resulted in a written stipulation of settlement dated July 29, 2010 (hereinafter the stipulation). The stipulation provided, inter alia, that Management would purchase the premises at an adjusted price of $1,502,500, and would deposit an additional $69,375 in escrow, and for the entry of a money judgment in the sum of $1,502,500 against Management, which the seller was entitled to immediately execute without notice if Management failed to close the transaction. The stipulation fur *864 ther provided that any claims against the seller’s attorney, as escrowee, were waived. The parties also agreed that the premises were being sold for the purpose of demolishing the structure(s) on the premises, which were being conveyed in “As Is, Where Is Condition,” with “no representations whatsoever as to the condition or use.” The stipulation also provided for title to be conveyed “free and clear of any judgments and liens,” and included liquidated damages provisions in the event of either party’s breach, which provided for the seller to collect on a money judgment for the full purchase price of the premises if Management failed to close title (hereinafter the money judgment).
On the scheduled closing date of August 30, 2010, Management appeared with a punch list of demands relating to the alleged condition of the premises. Management claimed that the seller “trashed” the premises after the parties entered into the stipulation the previous month and stripped it of fixtures, and asserted that the premises no longer existed in the “as is” condition which existed on July 29, 2010. Management also informed the seller that its title company required the seller to place $10,000 in escrow to protect Management against any water charges which might be billed for the seller’s past water usage.
The seller refused to accede to Management’s demands, and Management refused to close. The seller executed on the money judgment pursuant to the terms of the stipulation, which entitled him to recover the purchase price of the premises if Management failed to close.
Management commenced this action against the seller and his current attorney, the defendant Manmohan K. Bakshi, as escrowee (hereinafter together the defendants), following transfer of the initial deposit by the seller’s prior attorney. Alleging breach of the stipulation and the contract, Management sought, inter alia, specific performance of the stipulation in conformance with various conditions, and the return of its down payment.
The defendants denied the allegations and asserted numerous affirmative defenses, which included Management’s breach of the stipulation and its waiver of claims insofar as asserted against the seller’s attorney, as escrowee.
The defendants moved, inter alia, for summary judgment dismissing the complaint, supported by, among other things, the detailed affirmation of Bakshi, whose personal knowledge of the facts commenced with his representation of the seller after the stipulation was executed on July 29, 2010, and continued through Management’s subsequent demands and refusal to close *865 on August 30, 2010. The defendants also relied on the seller’s affidavit, which described, inter alia, how he deliberately negotiated the provisions in the stipulation to protect himself if Management again refused to close, without basis. Notably, the seller alleged that he was at the premises when Management purportedly discovered the condition of the premises before the scheduled closing, and that no one conducted a walk-through of the premises, as Management alleged. The seller also denied removing any fixtures or disconnecting any pipes after the parties executed the stipulation.
The Supreme Court denied the motion, concluding that the moving and opposing affidavits reflected “diametrically opposing views” regarding the circumstances surrounding the alleged breach of the stipulation and the failed closing on August 30, 2010, which involved issues of credibility not proper for determination by summary judgment.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint based on documentary evidence which established that the seller was ready, willing, and able to close on August 30, 2010, and that Management refused to proceed (see Ravina v Hsing Hsung Chuang, 95 AD3d 1288, 1290 [2012]; Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d 868 [2012]; Benhamo v Marinelli, 82 AD3d 922 [2011]; cf. Paglia v Pisanello, 15 AD3d 373 [2005]).
Management failed to raise a triable issue of fact in opposition to the defendants’ motion. Its opposition to the motion was entirely based on hearsay evidence, which was insufficient to rebut the defendants’ prima facie showing (see Sprotte v Fahey, 95 AD3d 1103, 1104 [2012]). In addition, the stipulation reflects Management’s unequivocal agreement to accept the premises without any representation as to its condition. The stipulation also reflects Management’s unconditional waiver of any claims against the seller’s attorney as escrowee in the event that Management failed to close.
Likewise, despite Management’s assertion that the seller breached the stipulation by refusing to deposit $10,000 in escrow, Management acknowledged that the seller had recently paid annual water charges for 2010/2011 in the amount of $639.99, which bore no relation to the $10,000 sum which Management purported to require for clear title and to avoid incurring liability for the seller’s water usage. Nor did Management allege, let alone establish, that any outstanding liens or judgments existed which would have precluded the seller from conveying the agreed-upon title at closing. The stipulation also reflects that, in effect, Management waived any claims regard *866 ing title defects by failing to obtain a recent title report on or before August 3, 2010, as agreed in the stipulation.
As the defendants established that Management defaulted under the stipulation, and Management failed to raise a triable issue of fact in opposition, that branch of the defendants’ motion which was for summary judgment dismissing the complaint should have been granted. Therefore, the seller is entitled to execute on the money judgment and to recover damages as provided in the stipulation.
. In light of our determination, the defendants’ remaining contentions are academic or are not properly before the Court. Rivera, J.P., Angiolillo, Balkin and Hinds-Radix, JJ., concur.