■ 111-38 Management Corp., Appellant, v Diego Benitez, Also Known as Juan D. Benitez, et al., Respondent, et al., Defendant. [15 NYS3d 151]—

In an action, inter alia, for a judgment declaring that the defendant Diego Benitez, also known as Juan D. Benitez, was in breach of a certain stipulation of settlement dated July 29, 2010, and to recover damages for breach of the terms of the stipulation, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated September 24, 2013, which denied its motion to vacate the stipulation as unconscionable, or in the alternative, to compel the defendant Diego Benitez, also known as Juan D. Benitez, to convey title to the subject property as a condition for satisfaction of a certain judgment.

Ordered that the order is affirmed, with costs.

In 2007, the plaintiff entered into a contract to purchase the home of the defendant Diego Benitez, also known as Juan D. Benitez (hereinafter the defendant seller). The sale was never consummated, and ultimately the plaintiff commenced an action to recover damages for breach of contract and to recover the down payment (hereinafter the first action). After this Court affirmed the denial of the defendant seller's motion for

summary judgment in the first action (*see 111-38 Mgt. Corp. v Benitez*, 70 AD3d 911 [2010]), the parties settled the first action pursuant to a stipulation of settlement dated July 29, 2010.

Pursuant to the terms of the stipulation, the parties agreed to proceed with the sale for a purchase price of $1,502,500, and the plaintiff consented to the entry of a money judgment in that amount against it. The property was to be conveyed to a third party, 109 Street & 34 Avenue Management Corp. (hereinafter 109 Street). The stipulation provided that if 109 Street failed to close, the defendant seller had the option to either pursue an action for specific performance against the plaintiff and 109 Street or to enforce the judgment and recover costs and attorneys' fees. The stipulation further provided that if the defendant seller "defaults by failing to convey title" to 109 Street, 109 Street and the plaintiff "shall have the right to maintain an action for specific performance."

In 2011, the plaintiff commenced the instant plenary action against the defendant seller and the escrow agent, inter alia, for a judgment declaring that the defendant seller had breached the stipulation of settlement, and that as a result of that breach, the stipulation was null and void. In the alternative, the plaintiff asked for specific performance of the stipulation with conditions. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, but this Court reversed and awarded summary judgment dismissing the complaint (*see 111-38 Mgt. Corp. v Benitez*, 107 AD3d 862, 864 [2013]), and further stated that the defendant seller could recover on the money judgment in the sum of $1,502,500, and recover damages as provided for in the stipulation.

In August 2013, the plaintiff moved in the Supreme Court to vacate the stipulation as unconscionable or, in the alternative, to compel the defendant seller to convey title to the subject property as a condition for satisfaction of the money judgment in the sum of $1,502,500, constituting the full purchase price for the subject property. The order appealed from denied the plaintiff's motion on the ground that the court was bound by the determination of this Court that "the seller is entitled to execute on the money judgment and to recover damages as provided in the stipulation."

At issue here is not whether the defendant seller is entitled to execute on the money judgment. Rather, the issue raised by the plaintiff is what should happen if the judgment is satisfied. The plaintiff argues that it is unconscionable to permit the de-

fendant seller to retain the property, as well as the purchase price. However, no cause of action to vacate the stipulation as unconscionable was asserted in the complaint, nor was this argument raised on the prior appeal. Further, the complaint has been dismissed, and the instant action terminated.

The plaintiff's motion improperly attempted to raise new substantive issues and assert new causes of action, after the complaint in the instant action was dismissed. To a large extent, the relief sought by the plaintiff assumes the occurrence of new events, including satisfaction in full of the money judgment in the sum of $1,502,500, which were not asserted in this action. Essentially, the plaintiff is asserting a new cause of action, which would have accrued after the defendants were awarded summary judgment dismissing the complaint.

Accordingly, the plaintiff's motion was properly denied. Austin, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.